Martin G. Bunin (NY State Bar No. 1088848)
*Admitted Pro Hac Vice*
**FARRELL FRITZ, P.C.**
622 Third Avenue, Suite 37200
New York, NY 10017
Telephone: (212) 687-1230
Fax: (646) 237-1810
Email: mbunin@farrellfritz.com

Leib M. Lerner (State Bar No. 227323)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-3004
Telephone: (213) 576-1193
Fax: (213) 576-1100
Email: leib.lerner@alston.com

Attorneys for the Ad Hoc Employee
Health and Pension Trust and Fund Group

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Associated Third Party Administrators,<br><br>Debtor.<br><br>Allied Fund Administrators, LLC,<br><br>Debtor.<br><br>⊠ Affects Both Debtors<br><br>☐ Affects Associated Third Party Administrators<br><br>☐ Affects Allied Fund Administrators, LLC | Case No.: 2:16-bk-23679-SK<br><br>Chapter 7<br><br>(Jointly administered under 2:16-bk-23682-SK)<br><br>**AD HOC GROUP'S LIMITED OBJECTION TO MOTION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING: (1) THE REJECTION OF CERTAIN REAL PROPERTY LEASES; AND (2) THE ABANDONMENT OF PERSONAL PROPERTY OWNED BY THE DEBTOR**<br><br>Hearing:<br>Date: March 29, 2017<br>Time: 9:00 a.m.<br>Ctrm: 1575<br>    255 East Temple Street,<br>    Los Angeles, CA 90012 |

The Ad Hoc Employee Health and Pension Trust and Fund Group[1] (the "Ad Hoc Group"), hereby submits this limited objection (the "Limited Objection") to the *Motion of Chapter 7 Trustee for Order Authorizing: (1) The Rejection of Certain Real Property Leases; and (2) The Abandonment of Personal Property Owned by the Debtor* (the "Motion") and respectfully states as follows:[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    BACKGROUND**

The Ad Hoc Group is comprised of sixteen different employee health and pension funds for which Debtor Associated Third Party Administrator ("Debtor" or "ATPA") served as the health plan and pension plan administrator. ATPA's books and records ("Books and Records") and equipment contain information and data that belongs to the Ad Hoc Group, including health plans that have personally identifiable information ("PII") and Protected Health Information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and HIPAA Privacy and Security Requirements, as well as pension plans that have information covered by California privacy statutes. Pub. L. No. 104-191, 110 Stat. 1936 (1996).

The Ad Hoc Group was formed, in part, in order to best protect its individual members' highly confidential health and pension plan information, data and paperwork held by ATPA.

The Motion requests authority from the Court to reject real property leases and to abandon certain of the Debtors' Books and Records on the grounds that such Books and Records are of inconsequential value and benefit to the estates. The Motion further provides that the Books and Records, comprised of paper files, electronic files and magnetic tapes, contain PII. *See* Motion at Page 6, Line 14. The Books and Records contain PII and PHI of the members of the Ad Hoc Group. In addition, the Ad Hoc Group believes that equipment owned and leased by the Debtor and still in

---

[1] The present members of the Ad Hoc Employee Health and Pension Trust and Fund Group are: Butcher & Provision Workers Pension Fund of Southern California; Northern California UFCW Wholesale Health & Welfare Fund; CMTA-Molders 164B Pension Plan; California Service Employees Health and Welfare Trust Fund; Automotive Industries Pension Trust Fund; Automotive Industries Health and Welfare Trust Fund; CMTA-IAM Joint Retiree Health & Welfare Trust Fund; Machinists Retiree Investment Trust; San Francisco Culinary, Bartenders and Service Employees Pension Fund; San Francisco Culinary, Bartenders and Service Employees Welfare Fund; San Francisco Culinary, Bartenders and Service Employees Legal Services Fund; San Francisco Hotel-Restaurant Labor Management Education Fund; Hotel and Restaurant Employees Health and Welfare Fund; East Bay Restaurant and Tavern Retirement Fund; Steelworkers Western Independent Shops Pension Plan; and Bay Area Laundry and Dry Cleaning Pension Fund.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Debtors' possession likely contains PII and/or PHI. A list of equipment that the Ad Hoc Group understands is still in the Debtors' possession that likely has PII and/or PHI is attached as **Exhibit 1** to the Declaration of Martin G. Bunin attached hereto. The Ad Hoc Group believes that this list may be incomplete, and the Limited Objection is not limited to equipment on Exhibit 1.

The Ad Hoc Group does not object to the Trustee's rejection of the real property leases, except to the extent that the return of such leased premises results in the abandonment of Books and Records or equipment containing PII or PHI. The Ad Hoc Group objects to the abandonment of Books and Records and equipment containing PII or PHI.

The Ad Hoc Group understands that the Trustee does not presently have funds to properly dispose of the Books and Records, and to delete, erase or remove PII and PHI contained in the Debtors' equipment. (Motion, page 10, lines 23-24). The Ad Hoc Group has learned, through discussions with the Trustee's counsel, that the Trustee is attempting to protect PII and PHI without the availability of estate funds, including the insertion of provisions in proposed stipulations for the return of equipment requiring databases and hard drives to be cleaned by the recipients of that equipment. It is not yet clear how much success the Trustee is having with this kind of provision. As for the magnetic tapes containing PII and PHI, the Trustee has informed the Ad Hoc Group that, due to the lack of funds, he expects that the tapes would be simply left on the premises when those premises are returned to its landlord.

As demonstrated below, a lack of funds does not excuse the Trustee from the requirements to safeguard and properly dispose of the Books and Records and equipment containing PII and/or PHI. Through this Limited Objection the Ad Hoc Group respectfully requests that the Court deny the Trustee's request to abandon the Debtors' Books and Records and equipment containing PII and/or PHI unless and until the Trustee destroys or erases any PII and/or PHI contained in the Books and Records and equipment in accordance with federal and California law.

## II. LIMITED OBJECTION

As stated in the Motion, ATPA's personal property contains PII and PHI. PII is defined in section 101(41A) of the Bankruptcy Code to mean customer information provided in connection with obtaining a product or service from the debtor primarily for personal, family or household

Case 2:16-bk-23679-SK  Doc 351  Filed 03/15/17  Entered 03/15/17 15:00:52  Desc
Main Document    Page 4 of 13

purposes. It generally applies to the information on customer lists, such as addresses, electronic addresses, telephone numbers, Social Security numbers, credit card numbers and other customer contact information. PHI is defined in 45 C.F.R. 160.103 to mean individually identifiable health information that is transmitted or maintained in any form or medium, subject to certain exceptions not relevant here.

Under HIPAA, "covered entities" may not use or disclose PHI except as authorized by individual participants, or as explicitly required or permitted by law. Covered entities under the law include: health plans, healthcare clearing houses and healthcare providers who transmit PHI. In addition, administrators who provide services to health plans as "Business Associates" must also comply with the privacy rules of HIPAA. The Ad Hoc Group is informed and believes that ATPA is a "covered entity" under the law and pursuant to the Business Associate Agreements ("BAAs") in place between the individual members of the Ad Hoc Group and ATPA.

HIPAA further contains security standards that apply to electronic PHI ("ePHI"), which is PHI that a group health plan maintains or transmits in an electronic form. Covered entities are required to take steps to safeguard ePHI when it is stored and/or transmitted. This includes protecting against any reasonably anticipated threats or hazards to the security or integrity of the ePHI and ensuring that individuals handling PHI comply with the security rule. *See* 45 CFR Section 164.306(a). Much of the information that ATPA stored, maintained and transmitted for the Ad Hoc Group is ePHI.

In this case, the Debtors' Books and Records and equipment that the Trustee seeks to abandon -- without any safeguards in place -- contain PII, PHI and ePHI. The protection of this information is critically important for the well-being of the Ad Hoc Group's individual participants. The abandonment of such PII, PHI and ePHI, to the extent it subsequently falls into the hands of a wrong-doer, could have long-lasting adverse consequences on the lives of those affected.

The Ad Hoc Group does not dispute the Trustee's contention that the Debtors' Books and Records are of inconsequential monetary value and benefit to the estates. The Ad Hoc Group does not know what the value of the Debtor's equipment is. The Ad Hoc Group believes, however, that the Trustee's plan to simply abandon the Books and Records and equipment wherever they are

4
AD HOC GROUP'S LIMITED OBJECTION TO REJECTION AND ABANDONMENT MOTION

currently located without properly disposing of the Books and Records that contain PII, PHI and ePHI, and without cleaning the equipment of PII, PHI and ePHI, violates federal and California state laws and established case law.

In *Midlantic National Bank v. N.J. Dept. of Envt'al Protection*, 474 U.S. 494 (1986), a Chapter 7 trustee sought to abandon property containing waste oil contaminated with PCB, a highly toxic carcinogen. The Supreme Court stated that "the trustee is not to have carte blanche to ignore nonbankruptcy law. Where the Bankruptcy Code has conferred special powers upon the trustee and where there was no common-law limitation on that power, Congress has expressly provided that the efforts of the trustee to marshal and distribute the assets of the estate must yield to governmental interest in public health and safety. One cannot assume that Congress, having placed these limitations upon other aspects of trustees' operations, intended to discard a well-established judicial restriction on the abandonment power." *Id.* at 502 (internal citations omitted).

The Supreme Court held that the trustee could not "abandon property in contravention of a state statute or regulation designed to protect the public health or safety from identified hazards." *Id.*

This reasoning is echoed in 28 U.S.C. § 959(b) which provides that a trustee "shall manage and operate the property in his possession…according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

"It is beyond question that section 959(b) requires a trustee to manage a business in accordance with state law, as any other person must." *Hillis Motors, Inc. v. Hawaii Auto Dealers Ass'n*, 997 F.2d 581 (9th Cir. 1993) (holding that section 959(b) does not grant an automatic exception to the automatic stay for state agencies but rather "operates as a weighty policy consideration that will in many circumstances require a bankruptcy court to grant *relief* from the automatic stay, *if it is requested*, so that a state may enforce its laws.") (emphasis in original). Indeed, the majority of circuit courts that have dealt with section 959(b) agree that it is applicable to a trustee liquidating the debtor's estate. *See, e.g., State of Texas v. Lowe (In re HLS Energy Co. Inc.),* 151 F.3d 434, 438 (5th Cir. 1998) (under section 959(b), chapter 7 trustee "may not abandon

property in contravention of a state law reasonably designed to protect public health or safety."); *In re Wall Tube & Metal Products Co.*, 831 F.2d 118, 122 (6th Cir. 1987) (holding that §959(b) is applicable to a chapter 7 trustees regardless of "whether a trustee is liquidating, managing or reorganizing the debtor's estate"); *In re Quanta Resources Corp.*, 739 F.2d 912, 919 (3d Cir. 1984) ("Our examination of Section 959(b) leads us to conclude that although it is not itself an independent prohibition of the trustee's abandoning property in contravention of state law, it is a clear indication that in general the congressional scheme was not intended to subjugate state and local regulatory laws.); *but cf. In re N.P. Mining Co., Inc.*, 963 F.2d 1449, 1460-61 (11th Cir. 1992) (holding that a debtor that is liquidating estate assets does not "manage and operate" the property for the purposes of 28 U.S.C. § 959(b)).

Section 1798.81 of the California Civil Code provides that a business "shall take all reasonable steps to dispose, or arrange for the disposal, of customer records within its custody or control containing personal information when the records are no longer to be retained by the business by (a) shredding, (b) erasing, or (c) otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means." The Ad Hoc Group maintains that this provision of California law applies to pension plans whose information is currently housed at ATPA.

Consequently, based on the above authority, the Trustee is required to dispose of the Books and Records and equipment in such a way as to destroy, delete or make the contents unreadable or undecipherable. Simply abandoning the Debtors' Books and Records and equipment wherever they are located will not meet the Trustee's obligation.

As stated earlier, the Ad Hoc Group is aware that the Trustee maintains that he does not have sufficient funds to properly dispose of the Books and Records. In furtherance thereof, the Ad Hoc Group has had discussions with the Trustee, and will continue to have discussions with the Trustee, regarding methods of abandonment to (i) properly destroy or render undecipherable the Books and Records and equipment containing PII, PHI and/or ePHI, and (ii) clean the Debtors' equiptment of PII, PHI and/or ePHI before abandoning it, returning it to lessors or the Debtors' secured creditors, or selling it.

The Ad Hoc Group respectfully requests that the Trustee be denied the authority to abandon the premises and Books and Records and any other equipment containing PII, PHI or ePHI unless arrangements are made for the PII, PHI and/or ePHI to be appropriately deleted, destroyed or rendered indecipherable.

### III. CONCLUSION

Based on the foregoing, the Ad Hoc Group respectfully requests that the Trustee be denied the authority to abandon the premises and Books and Records and any other equipment containing PII, PHI or ePHI unless arrangements are made for the PII, PHI and/or ePHI to be appropriately deleted, destroyed or rendered indecipherable, and for such other relief as is just and proper.

Dated: March 15, 2017

FARRELL FRITZ, P.C.
Martin G. Bunin

ALSTON & BIRD LLP
Leib M. Lerner

By: /s/ Leib M. Lerner_____

   Leib M. Lerner

Attorneys for the Ad Hoc Employee Health and Pension, Trust and Fund Group

## DECLARATION OF MARTIN G. BUNIN

I, Martin G. Bunin, declare and state as follows:

1. I am over eighteen years of age, and I have personal knowledge of the facts in this declaration and, if called as a witness, could testify competently that the facts stated in this declaration are true and correct to the best of my knowledge and information.

2. I am a partner with the law firm of Farrell Fritz, P.C., counsel for the Ad Hoc Group, and am admitted Pro Hac Vice in this matter. I make this declaration in support of the Ad Hoc Group's Limited Objection (the "Limited Objection") to Motion of Chapter 7 Trustee for Order Authorizing: (1) The Rejection of Certain Real Property Leases; and (2) The Abandonment of Personal Property Owned by the Debtor (the "Motion"). Capitalized terms not defined in this declaration shall have the meaning ascribed to them in the Motion.

3. The Ad Hoc Group is comprised of sixteen different employee health and pension funds for which Debtor Associated Third Party Administrator ("Debtor" or "ATPA") served as the health plan and pension plan administrator.

4. I am informed and believe that ATPA's books and records ("Books and Records") and equipment contain information and data that belongs to the Ad Hoc Group, including health plans that have personally identifiable information ("PII") and Protected Health Information ("PHI"), including electronic PHI ("ePHI").

5. Through discussions with the Trustee's counsel, I have learned that the Trustee has made requests to intended recipients of certain of ATPA's equipment that they clean such equipment of any PII or PHI, and certify that the equipment has been cleaned and all data and information deleted, destroyed or rendered indecipherable. It is not yet clear how much success, if any, the Trustee is having with those requests. As for the magnetic tapes containing PII and PHI, the Trustee has informed the undersigned that, due to the lack of funds, he expects that the tapes would be simply left on the premises when those premises are returned to its respective landlord.

6. Attached as **Exhibit 1** hereto is a list prepared by the Ad Hoc Group's consultant of equipment that the Ad Hoc Group understands is still in the Debtors' possession that likely has PII and/or PHI. The Ad Hoc Group believes that this list may also be incomplete.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on March 15, 2017 at New York, New York.

*/s/ Martin G. Bunin*

Martin G. Bunin

# Exhibit 1
List of Equipment that Likely Has PII and/or PHI including ePHI
(May Be Incomplete)

- All PCs at ATPA's leased headquarters location ("Alameda")
- All of the multi-function printers/copiers in Alameda and ATPA's leased Concord location ("Concord")
- All of the physical and virtual services in Alameda data center
- All of the network attached storage devices in Alameda data center
- All of the storage area network(s) in the Alameda data center
- All of the physical and virtual servers in the Alameda data center
- The virtualization ecosystem itself (VMWare) that manages all of the virtual servers
- All of the networking devices in the Alameda data center and wifi devices throughout the facility
- All of the backup devices in the Alameda data center
- All backup tapes in use or stored at the Alameda data center or stored at Recall or any other provider
- All of the networking devices in the Concord data center and wifi devices throughout the facility
- All of the backup devices in the Concord data center
- All of the high speed printers in the Concord data center
- All of the PCs in the Concord data center
- The mainframe in the Concord data center
- The attached storage devices (to the mainframe) in the Concord data center
- All backup tapes in use or stored at the Concord data center or stored at Recall or any other provider
- Any voice messages stored on the ShoreTel phone system
- All USB or other external mass storage devices found either at Alameda or Concord in data centers or at desks (this includes USB sticks)

AD HOC GROUP'S LIMITED OBJECTION TO REJECTION AND ABANDONMENT MOTION

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 S. Hope Street, 16th Fl., Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **AD HOC GROUP'S LIMITED OBJECTION TO MOTION OF CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING: (1) THE REJECTION OF CERTAIN REAL PROPERTY LEASES; AND (2) THE ABANDONMENT OF PERSONAL PROPERTY OWNED BY THE DEBTOR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 3/14/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On March 15, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 3/15/2017 | Rosa Nelly Villaneda | /s/ Rosa Nelly Villaneda |
| *Date* | *Printed Name* | *Signature* |

11

**SERVICE LIST**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF**

- Todd M Arnold    tma@lnbyb.com
- Catherine Arostegui    carostegui@beesontayer.com, akenney@beesontayer.com
- Ron Bender    rb@lnbyb.com
- Stuart E Bernsen    bernsen.stuart@pbgc.gov, efile@pbgc.gov
- Lynn Brown    notices@becket-lee.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Aaron E De Leest    aed@dgdk.com, DanningGill@gmail.com;adeleest@ecf.inforuptcy.com
- Ronald Dean    rdean@74erisa.com, rdean@igc.org
- Richard K Diamond (TR)    RKDTrustee@dgdk.com, rdiamond@ecf.epiqsystems.com;DanningGill@Gmail.com
- Jonathan R Doolittle    jdoolittle@reedsmith.com, renee-pelusi-2054@ecf.pacerpro.com;rpelusi@reedsmith.com;ashively@reedsmith.com;dkelley@reedsmith.com;bobmiller@kilmerlaw.com;cbroock@kilmerlaw.com;llhomedieu@kilmerlaw.com
- Jamie P Dreher    jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Richard W Esterkin    richard.esterkin@morganlewis.com, gloria.moonesinghe@morganlewis.com
- Edward M Fox    emfox@seyfarth.com
- Luis A Garcia    garcia.luis.a@dol.gov
- Michael I Gottfried    mgottfried@lgbfirm.com, kalandy@lgbfirm.com;cboyias@lgbfirm.com;srichmond@lgbfirm.com;mmocciaro@lgbfirm.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- Mickee Hennessy    mhennessy@westermanllp.com
- Jacqueline L James    jlj@lnbyb.com
- Gary M Kaplan    gkaplan@fbm.com
- Eve H Karasik    ehk@lnbyb.com
- Howard Kollitz    HKollitz@DGDK.Com, DanningGill@gmail.com;hkollitz@ecf.inforuptcy.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Dare Law    dare.law@usdoj.gov
- Allison R Lemeshewsky    arlemesh@sbcglobal.net, ldtorres@sbcglobal.net;mwccoast@aol.com
- Leib M Lerner    leib.lerner@alston.com, autodockettest-lax@alston.com
- Elan S Levey    elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Tracy L Mainguy    bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- Thor D McLaughlin    tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- Robert B Miller
- Alan I Nahmias    anahmias@mbnlawyers.com, jdale@mirmanbubman.com
- Melissa T Ngo    ngo.melissa@pbgc.gov, efile@pbgc.gov
- Walter K Oetzell    woetzell@dgdk.com, DanningGill@gmail.com;woetzell@ecf.inforuptcy.com
- George R Pitts    gpitts@sandsanderson.com, tkearns@sandsanderson.com
- Kelly L Pope    kpope@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com

- Kurt Ramlo    kr@lnbyb.com, kr@ecf.inforuptcy.com
- Russell H Rapoport    rrapoport@mbnlawyers.com, aacosta@mbnlawyers.com
- Emily P Rich    erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net;cak@blake-uhlig.com
- Lovee D Sarenas    lovee.sarenas@lewisbrisbois.com
- Kenneth D Schnur    kenneth.schnur@kts-law.com, anastasia.mogilevsky@kts-law.com
- Sonia Singh    ss@dgdk.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Michele R Stafford    mstafford@sjlawcorp.com, collections@sjlawcorp.com
- Nicholas Starkman    nstarkman@wkclegal.com, syoung@wkclegal.com
- Nicola G Suglia    nsuglia@fleischerlaw.com
- David A Tilem    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;MalissaMurguia@ecf.inforuptcy.com;SylviaTilemLaw@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**SERVED BY UNITED STATES MAIL**

| | |
|---|---|
| Shawn C Groff<br>1330 Broadway Suite 1450<br>Oakland, CA 94612 | IBM Corporation<br>Attn: Marie-Josee Dube<br>275 Viger East<br>Montreal, Quebec H2X 3R7<br>Canada |
| Russell J Reid<br>Reid McCarthy Ballew & Leahy LLP<br>100 West Harrison St<br>N Tower Ste 300<br>Seattle, WA 98119 | Honorable Sandra R. Klein<br>United States Bankruptcy Court<br>Central District of California<br>255 E. Temple Street, Suite 1582<br>Los Angeles, CA 90012 |