WILLIAM W. HUCKINS (BAR NO. 201098)
IVAN M. GOLD (BAR NO. 121486)
THOR D. MCLAUGHLIN (BAR NO. 257864)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA  94111-4074
Phone:  (415) 837-1515
Fax:  (415) 837-1516
E-Mail:  whuckins@allenmatkins.com
         igold@allenmatkins.com
         tmclaughlin@allenmatkins.com

Attorneys for Landlord
PTF for Operating Engineers, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Associated Third Party Administrators,<br><br>     Debtor and Debtor in Possession, | Case No. 2:16-bk-23679-SK<br><br>Chapter 7<br><br>(Jointly Administered with Case No. 2:16-bk-23682-SK) |
| In re:<br><br>Allied Fund Administrators, LLC,<br><br>     Debtor and Debtor in Possession. | **OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO TRUSTEE'S MOTION FOR (1) THE REJECTION OF CERTAIN REAL PROPERTY LEASES AND (2) THE ABANDONMENT OF PERSONAL PROPERTY OWNED BY THE DEBTOR** |
| ☒  Affects Both Debtors<br><br>☐  Affects Associated Third Party<br>    Administrators<br><br>☐  Affects Allied Fund Administrators, LLC | Hearing Date:  March 29, 2017<br>Time:  9:00 a.m.<br>Place:  U.S. Bankruptcy Court<br>      Courtroom 1575<br>      255 East Temple Street<br>      Los Angeles, CA 90012 |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1036006.01/SF

OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO
TRUSTEE'S MOTION TO REJECT REAL PROPERTY LEASES

1   PTF for Operating Engineers, LLC (the "Landlord"), the lessor of debtor Associated Third

2   Party Administrators ("Debtor") with respect to the commercial real property located at 1640 South

3   Loop Road, Alameda, California (the "Leased Premises") hereby submits its opposition to the

4   *Motion of Chapter 7 Trustee For Order Authorizing:  (1) The Rejection of Certain Real Property*

5   *Leases; and (2) The Abandonment of Personal Property Owned By The Debtor Rejection of*

6   *Landlord PTF For Operating Engineers, LLC To Compel Performance of Post-Petition Lease*

7   *Obligations or Other Appropriate Relief* [Docket No. 334] ("Rejection Motion").  As discussed

8   below, Landlord does not object to the Chapter 7 Trustee's belated rejection of Debtor's lease with

9   Landlord for the Leased Premises, but does object to the Trustee's request that such rejection be

10  retroactive to the January 19, 2017 conversion date – *six weeks* prior to the filing of the Rejection

11  Motion.  Notwithstanding his conclusory claim that he "has not taken possession of the Leased

12  Premises," the Chapter 7 Trustee's agents and representatives continue to access the Leased

13  Premises in the performance of their duties and possession of the Leased Premises has not been

14  returned to Landlord.  Retroactive relief is not warranted under these circumstances.

15                  **I.  FACTUAL AND PROCEDURAL BACKGROUND**

16      1.      Landlord, and landlord, and Debtor, as tenant, are parties to that certain written

17  Standard Form Office Lease, dated March 21, 2012, as subsequently amended by First

18  Amendment To Lease dated October 31, 2013 (collectively, the "Lease"), for the Leased Premises,

19  consisting of approximately 49,067 rentable square feet, as more particularly described in the

20  Lease.  The term of the Lease is scheduled to expire on November 30, 2017.  (See accompanying

21  Declaration of Kathleen Andrade ["Andrade Declaration"] at Exhibits 1-2.)

22      2.      On October 17, 2016 (the "Petition Date"), Debtor and its affiliate, Allied Fund

23  Administrators, LLC, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

24      3.      Following the Petition Date, Debtor was unable to consummate a proposed "going

25  concern" sale and ceased operations.  On December 9, 2016, this Court entered its *Order on*

26  *Motion To Covert Cases To Chapter 7* [Docket No. 242], with conversion of the case to be

27  effective January 19, 2017 (the "Conversion Date").

28      4.      Prior to the Conversion Date, Debtor neither assumed nor rejected the Lease.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1036006.01/SF

OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO
TRUSTEE'S MOTION TO REJECT REAL PROPERTY LEASES

5.     On January 20, 2017, this Court entered its *Order Allowing Administrative Claim of Landlord PTF For Operating Engineers, LLC* [Docket No. 287] ("Order Allowing Landlord's Administrative Claim"), allowing a Chapter 11 administrative priority claim in favor of Landlord in the sum of $149,072.11, for unpaid rent and charges for November 2016, unpaid "stub rent" for the pro-rated post-petition portion of October 2016, and certain attorneys' fees.  Landlord's administrative claims for unpaid post-petition rent and charges from and after December 1, 2016 were reserved by the terms of the Order Allowing Landlord's Administrative Claim.

6.     Following the Conversion Date, on or about January 24, 2017, Richard K. Diamond (the "Chapter 7 Trustee") accepted his appointment as Chapter 7 Trustee of Debtor's bankruptcy estate.[1]

7.     Following Mr. Diamond's appointment as Chapter 7 Trustee, representatives of the Chapter 7 Trustee, including his accountants, consultants and attorney, continued to access the Leased Premises to inspect the Leased Premises, Debtor's books and records and the personal property contained therein.  The Chapter 7 Trustee retained keys to the Leased Premises and has not, to date, purported to return or relinquish possession of the Leased Premises to Landlord or authorize Landlord to re-key the Leased Premises and proceed with efforts at mitigating its rental loss.

8.     On March 3, 2017, the Chapter 7 Trustee filed his Rejection Motion, seeking rejection of nine real property leases of Debtor (identified in the Rejection Motion as the "Leases"), including Debtor's Lease with Landlord (identified as the 1640 Alameda Facility), and abandonment of personal property and Debtor's remaining books and records remaining therein. (See generally Rejection Motion at 6:2-21.)

9.     While the Chapter 7 Trustee waited six weeks after the Conversion Date to file his Rejection Motion, the Chapter 7 Trustee seeks rejection of the "Leases" identified in the Rejection Motion retroactive to the Conversion Date, i.e., "backdated" to January 19, 2017.  (Rejection Motion at 9:17-18.)  Notwithstanding the continued access to the Leased Premises through his

---

[1]  Conversion of this case to Chapter 7 "reset the clock" on the Chapter 7 Trustee's time to assume or reject the Lease under Bankruptcy Code section 365(d)(4).  See 11 U.S.C. § 348(c).

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1036006.01/SF

1  representatives, including his own attorney, and his retention of keys to the Leased Premises (see

2  Andrade Declaration at ¶¶ 10-13 and 16), the Chapter 7 Trustee falsely asserts that "he is not in

3  possession of the Leased Premises." (Rejection Motion at 9:25-26; see also accompanying

4  Declaration of Richard K. Diamond ["Diamond Declaration"] at ¶ 23.)

5          10.     The Chapter 7 Trustee further claims that he "moved as expeditiously as possible to

6  reject the Leases" (Rejection Motion at 9:26-27) yet no evidence is offered to explain the six week

7  delay in the filing of the Rejection Motion nor does the Chapter 7 Trustee explain why he failed to

8  seek an expedited hearing on the Rejection Motion, as authorized by Bankruptcy Local Rule

9  9075-1.

10         11.     Further evidencing his continued possession and control over the Leased Premises,

11 the Chapter 7 Trustee acknowledges that, after the filing of the Rejection Motion, he "intend[s] to

12 retrieve some additional select paper financial documents, accounting files and/or bank statements,

13 to the extent they exist, from the 1640 Alameda Facility." (Diamond Declaration at ¶ 14.) Indeed,

14 the Chapter 7 Trustee's retained accountants, Berkeley Research Group, LLC, will be at the

15 Leased Premises *this week*, reviewing and packing up certain accounting records of Debtor for

16 shipment to Los Angeles and accessing the Leased Premises with their own key. (Andrade

17 Declaration at ¶ 16.)

18         12.     At no time since the Conversion Date has the Chapter 7 Trustee paid any sum on

19 account of post-Conversion Date rent and charges coming due under the Lease. (Andrade

20 Declaration at ¶ 17.) Indeed, the Rejection Motion is clear that the Chapter 7 Trustee's objective is

21 the avoidance of accruing rent liability because, according to the Chapter 7 Trustee, "I have no

22 ability to pay the Leases." (Diamond Declaration at ¶ 23.)

23                           II.  **ARGUMENT**

24 A.     **Retroactive Rejection Of The Lease is Inappropriate Under The Circumstances Here**

25         13.     Section 365(a) of the Bankruptcy Code empowers a trustee "subject to the court's

26 approval, [to] assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).

27 Landlord does not dispute the Chapter 7 Trustee's business judgment in determining to reject the

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1036006.01/SF

-3-

OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO
TRUSTEE'S MOTION TO REJECT REAL PROPERTY LEASES

1  Lease, but objects to the Chapter 7 Trustee's effort to make the rejection retroactive to the

2  Conversion Date (January 19, 2017), *six weeks prior to the filing of the Rejection Motion*.

3       14.    Prior to the automatic rejection which occurs after 120 days (absent an extension)

4  pursuant to Bankruptcy Code section 365(d)(4), it is well-settled that a court order is required

5  under Section 365(a) before a rejection can be effective.  See, e.g., In re Arizona Appetito's Stores,

6  Inc., 893 F.2d 216, 219 (9th Cir. 1990); In re Fleming Companies, Inc., 304 B.R. 85, 96 (Bankr.

7  D. Del. 2003) ("Normally, the effective date of a rejection is a date the Order is entered."); In re

8  Federated Department Stores, Inc., 131 B.R. 808, 814-15 (S.D. Ohio 1991) ("[T]he effective date

9  of rejection for purposes of 11 U.S.C. § 365(d) was the date of the bankruptcy court's order

10  approving the rejection[.]"); In re Tobago Bay Trading Company, 142 B.R. 528, 532 (Bankr. N.D.

11  Ga. 1991) ("Section 365 is designed in part to ensure greater factual certainty as to the date of

12  rejection of a lease."); In re Worths Stores Corp., 130 B.R. 531, 534 (Bankr. E.D. Mo. 1991) ("The

13  necessary clarity and finality to which all parties are entitled are best embodied within an order

14  from the Court.").

15       15.    The Chapter 7 Trustee asserts that retroactive rejection of the Lease, to the

16  Conversion Date, "may be given in appropriate circumstances."  (Rejection Motion at 9:17-20,

17  citing In re At Home Corporation, 392 F.d 1064, 1067 (9th Cir. 2004).)  While Landlord

18  acknowledges that, as a general matter, a bankruptcy court may, in the exercise of its equitable

19  powers, grant retroactive rejection, those cases authorizing retroactive rejection -- so-called *nunc*

20  *pro tunc* relief -- have characterized it in terms of a "case-by-case" determination available in

21  "exceptional circumstances."  See, e.g., In re At Home Corporation, supra, 392 F.3d at 1069-1072;

22  In re Fleming Companies, Inc., supra, 304 B.R. at 96 ("Rejection has been allowed nunc pro tunc

23  to the date the Motion is filed or the premises is surrendered, whichever is later, *only in certain*

24  *circumstances*." [Emphasis added]); In re O'Neil Theatres, Inc., 257 B.R. 806, 808 (Bankr. E.D.

25  La. 2000) ("The court emphasizes that in most cases a lease will be considered rejected as of the

26  date of entry of the order approving the rejection, and *only in exceptional circumstances* … will

27  the court adopt a retroactive date." [Emphasis added.])

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1036006.01/SF

-4-

OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO
TRUSTEE'S MOTION TO REJECT REAL PROPERTY LEASES

16.     There are no "exceptional circumstances" presented by the Chapter 7 Trustee here to support retroactive rejection of the Lease.  Following conversion of this case to Chapter 7 and the appointment of the Chapter 7 Trustee, the Chapter 7 Trustee, through his representatives, accessed the Leased Premises on multiple occasions to inspect the Leased Premises and the personal property contained therein and to inspect, review, image and retrieve those of Debtor's physical and electronic records "needed by the Trustee for his investigation and administration of the estate."  (See Andrade Declaration at ¶¶ 12, 13, 16; Diamond Declaration at ¶¶ 14, 25; Rejection Motion at 10:18-19.)  Indeed, notwithstanding his request for retroactive relief, the Chapter 7 Trustee has still not completed this document removal process at the Leased Premises. (See Andrade Declaration at ¶ 16; Diamond Declaration at ¶ 14 ("I intend to retrieve some additional select paper financial documents, accounting files and/or bank statements, to the extent they exist, for the 1640 Alameda Facility."); Rejection Motion at 10:18-19 (The Chapter 7 Trustee will obtain books and records "prior to abandonment.")  The Chapter 7 Trustee has, at all times, had keys to the Leased Premises and has never returned possession of the Leased Premises to Landlord.  While the Chapter 7 Trustee claims, in conclusory terms, that he "has moved as expeditiously as possible to reject the Leases" (Rejection Motion at 9:26-27), no explanation is offered as why the Chapter 7 Trustee waited until March 3, 2017 to file the Rejection Motion and why an expedited hearing was not then requested.

17.     By way of contrast, the debtor in In re At Home Corporation never occupied the leased premises, filed its rejection motion as part of its "first day" motions and sought an expedited hearing at the earliest date available from the bankruptcy court.  In re At Home Corporation, supra, 392 F.3d at 1066.

18.     A survey of cases in multiple jurisdictions reveals that, while many bankruptcy courts have ruled that they generally have authority to authorize retroactive rejection of leases and executory contracts, the effective date of rejection has seldom been one prior to the date the motion to reject was filed with the bankruptcy court.  See, e.g., In re At Home Corporation, supra, 392 F.3d at 1066, 1075 (rejection effective to date motion to reject filed); In re Thinking Machines Corp., 67 F.3d 1021, 1025 (1st Cir. 1995) (trustee's rejection retroactive to motion filing date); In

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1036006.01/SF

-5-

OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO
TRUSTEE'S MOTION TO REJECT REAL PROPERTY LEASES

1  re Cafeteria Operators, L.P., 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (rejection retroactive to

2  date motion was filed); In re CCI Wireless, LLC (Stonebriar Mall Ltd. Partnership v. CCI

3  Wireless, LLC), 297 B.R. 133, 140 (D. Colo. 2003) ("[B]ecause section 365(d)(3) does not, as a

4  matter of law, prohibit selection of a retroactive date for rejection, the bankruptcy court has

5  authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing

6  date of the motion to reject.")

7       19.    Among the factors examined by bankruptcy courts has been advance notice of an

8  unequivocal intent to reject leases, absent here.  See, e.g., In re GCP CT School Acquisition, LLC,

9  429 B.R. 817, 826 (1st Cir. BAP 2010) (holding that rejection could not be retroactive to a date

10  preceding the trustee's filing of a pleading that made intent to reject clear and that e-mails and

11  other out-of-court communications could not constitute adequate notice); In re Fleming

12  Companies, Inc., supra, 304 B.R. at 96 ("To grant nunc pro tunc rejection, the Debtors must have

13  stated an unequivocal intent to reject the leases.")  The Chapter 7 Trustee does not offer any

14  evidence of any such advance notice in support of the Rejection Motion.  Further, there is no

15  suggestion, nor could there be, that Landlord hindered the Chapter 7 Trustee's prompt return of

16  possession of the Leased Premises, which still has not occurred.

17       20.    Those few cases where retroactive rejection was set at a date earlier than the motion

18  filing date contain easily distinguishable fact patterns from the circumstances presented in this

19  case.  See, e.g., In re Manis Lumber Co., 430 B.R. 269, 271-272, 280 (Bankr. N.D. Ga. 2009)

20  (where debtor filed rejection motion 6 days after debtor vacated leased premises and 2 days after

21  court approved sale of debtor's assets, rejection of lease effective retroactive to date debtor

22  vacated, as landlord had unequivocal notice of estate's intent to reject, had possession of premises,

23  and could commence re-letting process); In re Amber's Stores, Inc., 193 B.R. 819, 820-821, 827

24  (Bankr. N.D. Tex. 1996) (rejection effective retroactive to petition date where debtor filed motion

25  to reject on petition date, sought emergency determination, and had vacated premises prepetition).

26  In O'Neill Theatres, Inc., supra, 257 B.R. 806, cited by the Ninth Circuit in In re At Home

27  Corporation, retroactive rejection to the petition date was authorized where, following the failure

28  of pre-petition negotiations to restructure the lease, debtor surrendered the premises with

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1036006.01/SF

-6-

OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO
TRUSTEE'S MOTION TO REJECT REAL PROPERTY LEASES

1  landlord's consent, with landlord exercising "full dominion and control" over the leased premises

2  by padlocking the theatre.  The Chapter 11 petition was filed shortly thereafter and the debtor

3  moved to reject only *three days* thereafter.

4      21.    Under the view espoused by the Chapter 7 Trustee, a trustee could evade his

5  responsibility to perform accruing post-petition lease obligations merely by refusing to pay rent

6  prior to rejection of the lease and then wait to later seek retroactive rejection of the lease, claiming

7  he has no money to pay the accruing post-petition rent, while continuing to access the premises in

8  the discharge of his duties almost two months after his trustee appointment.  This approach turns

9  well-established Ninth Circuit authority on its head.

10     22.    In re Pacific-Atlantic Trading Co., 27 F.3d 401, 405 (9th Cir. 1994) held that a

11  landlord has a Chapter 7 administrative expense claim for the full amount of rent due pending

12  rejection of the lease, "regardless of the benefit to the estate."  (27 F.3d at 405.)  Pacific-Atlantic

13  held that the Trustee's use, or lack of use, of the Premises was irrelevant to its post-rejection

14  obligations under Bankruptcy Code section 365(d)(3).  There, the "debtor used the premises for

15  little more than the storage of office furniture pending its sale to a liquidator.  The trustee gave the

16  lessor notice that it did not intend to assume the lease..." Id. at 405.  The Ninth Circuit held that

17  the Chapter 7 estate was nevertheless subject to an administrative expense claim regardless of the

18  benefit to the estate through the effective date of rejection.  Id.

19     23.    Bankruptcy Code section 365(d)(3) thus contains an incentive for a trustee or

20  debtor-in-possession to act quickly in its decision whether to assume or reject an unexpired lease

21  of nonresidential real property, while protecting commercial landlords who are forced to provide

22  current services without current payment[2] pending a debtor/lessor's decision whether to assume or

23  reject an unexpired lease.  See, e.g., In re Cukierman, 265 F.3d 846, 850-851 (9th Cir. 2001); In re

24  Pacific-Atlantic Trading Co., supra, 27 F.3d at 403-404.

25              Congress intended § 365(d)(3) to shift the burden of indecision to the
26              debtor:  the debtor must now continue to perform all the obligations

27

28  [2]    Landlord continues to provide such services to the Leased Premises as provided by the Lease.
        (See Andrade Declaration at ¶ 18.)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1036006.01/SF

OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO
TRUSTEE'S MOTION TO REJECT REAL PROPERTY LEASES

of its lease or make up its mind to reject it before some onerous payment comes due during the prerejection period.

In re Koenig Sporting Goods, Inc., 203 F.3d 986, 989-90 (6th Cir. 2000), quoting In re Krystal Co., 194 B.R. 161, 164 (Bankr. E.D. Tenn. 1996); see also In re The Leather Factory, Inc., 475 B.R. 710, 713 (Bankr. C.D. Cal. 2012) (stating the "the statute is clear and the control of the date of rejection is in the hands of the trustee, not of the landlord").

24.     It is simply inequitable for the Chapter 7 Trustee, while protected by the automatic stay, to retain possession of the Leased Premises, continuing to access the Leased Premises through his accountants, consultants and attorney, while waiting over six weeks to then move to retroactively reject the Lease in an effort merely to avoid administrative expense liability. If the Chapter 7 Trustee sought to minimize administrative expenses associated with the Lease consistent with the Bankruptcy Code, he could have, and should have, proceeded with much greater dispatch than he did so here.[3]

> However, the landlord may be prejudiced by retroactive approval, since until the lease is rejected with court approval the landlord is unable to rerent the premises. And it is only the debtor [or trustee] that is permitted to determine whether to assume or reject, and when.

A. Resnick & H. Sommer, Collier on Bankruptcy (LexisNexis 16th Ed. 2016) ¶ 365.03[4] at p. 365-30. The Chapter 7 Trustee's indifference to Landlord's interests does not warrant the extraordinary relief sought by the Rejection Motion.

25.     The Chapter 7 Trustee also ignores potential premises liability issues arising from his request to "backdate" the rejection date. The Debtor's and Chapter 7 Trustee's insurable interest in the Leased Premises would likely terminate as of the effective date of rejection (especially from the insurer's point of view), putting Landlord at risk for potential claims arising out of multiple entries into the Leased Premises by the Chapter 7 Trustee's representatives (and

---

[3]  In the event the estate is insolvent and is unable to pay all Chapter 7 administrative expenses, the landlord is nevertheless entitled to an allowed claim and payment on a pro-rata basis with all other allowed administrative claims, including any compensation otherwise due to the Chapter 7 Trustee, who failed to promptly act in rejecting the lease.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1036006.01/SF

OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO
TRUSTEE'S MOTION TO REJECT REAL PROPERTY LEASES

1  perhaps others) in advance of the date the Chapter 7 Trustee finally relinquishes possession of the

2  Leased Premises and the Landlord can re-gain control over the real property.

3      26.    There is simply no factual or legal basis that would justify the rejection of the

4  Lease retroactive to the Conversion Date.  Given the Chapter 7 Trustee's continued activities at the

5  Leased Premises, and failure to return possession (or to even commit to relinquish possession on a

6  specific date), an effective date of rejection as of the date of filing of the Rejection Motion is

7  similarly inappropriate.  Rejection of the Lease should be effective as of the date of entry of this

8  Court's rejection order or the date of the Chapter 7 Trustee's unequivocal return of possession of

9  the Leased Premises, if earlier.

10  **B.    The Trustee's Proposed Abandonment Of Debtor's Books And Records Should Be**

11  **Clarified**

12      27.    Landlord does not generally object to the proposed abandonment relief sought by the

13  Rejection Motion under Bankruptcy Code section 554 but there is an issue requiring clarification.

14  While Debtor was not a "health care business" (11 U.S.C. § 101(27A)) maintaining "patient records"

15  (11 U.S.C. § 40B) subject to Bankruptcy Code section 351, it maintained sensitive, personal

16  information regarding beneficiaries under the various pension and benefit plans it administered.  The

17  disposal of such customer records is regulated by California law.  (Cal. Civil Code § 1798.80 *et seq*.).

18  It appears from the Rejection Motion that the Chapter 7 Trustee's definition of "Books and Records"

19  includes client records that contain "personally identifiable information."  (Rejection Motion at 6:11-

20  14.)  Before the Court authorizes abandonment of Debtor's "Books and Records" as sought by the

21  Chapter 7 Trustee, the Chapter 7 Trustee should be required to clarify whether such personally

22  identifiable information has been, or is being, removed from the Leased Premises or whether the paper

23  and electronic files being abandoned will require disposal (such as by shredding) in accordance with

24  applicable state law.

25              **III.  CONCLUSION**

26      28.    For the foregoing reasons, the Chapter 7 Trustee is not entitled to retroactive

27  rejection of the Lease for the Leased Premises (the so-called "1640 Alameda Facility") because the

28  Chapter 7 Trustee has failed to demonstrate "exceptional circumstances" justifying this

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1036006.01/SF

-9-

OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO
TRUSTEE'S MOTION TO REJECT REAL PROPERTY LEASES

1   extraordinary relief, particularly where the Chapter 7 Trustee maintains keys to, and continues to

2   access, the Leased Premises.  Rejection of the Lease should be effective as of the date of entry of

3   this Court's rejection order or the date of the Chapter 7 Trustee's unequivocal return of possession

4   of the Leased Premises, if earlier.

5

6   Dated:  March 15, 2017                              ALLEN MATKINS LECK GAMBLE
                                                        MALLORY & NATSIS LLP
7

8                                                       By:  _____Thor D. McLaughlin_____

9                                                             THOR D. MCLAUGHLIN
                                                              Attorneys for Landlord
10                                                            PTF for Operating Engineers, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1036006.01/SF

-10-
OBJECTION OF LANDLORD PTF FOR OPERATING ENGINEERS, LLC TO
TRUSTEE'S MOTION TO REJECT REAL PROPERTY LEASES

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Three Embarcadero Center, 12th Floor, San Francisco, CA  94111

A true and correct copy of the foregoing document entitled (*specify*): <u>Objection of Landlord PTF for Operating Engineers,</u>
<u>LLC to Trustee's Motion for (1) the Rejection of Certain Real Property Leases and (2) the Abandonment of Personal</u>
<u>Property Owned by the Debtor</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>March 15, 2017</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M. Arnold                         tma@lnbyb.com
- Catherine Arostegui                    carostegui@beesontayer.com, akenney@beesontayer.com
- Ron Bender                             rb@lnbyb.com
- Stuar E. Bernsen                       bernsen.stuart@pbgc.gov, efile@pbgc.gov
- Lynn Brown                             notices@becket-lee.com
- Shawn M. Christianson                  cmcintire@buchalter.com, schristianson@buchalter.com
- Aaron E. De Leest                      aed@dgdk.com, DanningGill@gmail.com, adeleest@ecf.inforuptcy.com
- Ronald Dean                            rdean@74erisa.com, rdean@igc.org
- Richard K. Diamond(TR)                 RKDTrustee@dgdk.com, rdiamond@ecf.epiqsytems.com,
                                         DanningGill@Gmail.com
- Jonathan R. Doolittle                  jdoolittle@reedsmith.com, rpelusi@reedsmith.com;
                                         bankruptcy2628@ecf.pacerpro.com, ashively@reedsmith.com,
                                         dkelley@reedsmith.com
- Jamie P. Dreher                        jdreher@downeybrand.com, mfrazier@downeybrand.com,
                                         courtfilings@downeybrand.com
- Richard W. Esterkin                    resterkin@morganlewis.com, gloria.moonesinghe@morganlewis.com
- Edward M. Fox                          emfox@seyfarth.com, abelzer@seyfarth.com
- Luis A. Garcia                         garcia.luis.a@dol.gov
- Michael I. Gottfried                   mgottfried@lgbfirm.com, kalandy@lgbfirm.com, cboyias@lgbfirm.com;
                                         srichmond@lgbfirm.com, sdeiches@lgbfirm.com, mmocciaro@lgbfirm.com
- Brian T. Harvey                        bharvey@buchalter.com, IFS_filing@buchalter.com, dbodkin@buchalter.com
- Gary M. Kaplan                         gkaplan@fbm.com
- Jacqueline L. James                    jlj@lnbyb.com
- Eve H. Karasik                         ehk@lnbyb.com
- Howard Kollitz                         HKollitz@DGDK.com, DanningGill@gmail.com, hkollitz@ecf.inforuptcy.com
- Jeffrey S. Kwong                       jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Dare Law                               dare.law@usdoj.gov, ron.maroko@usdoj.gov
- Allison R. Lemeshewsky                 arlemesh@sbcglobal.net, ldtorres@sbcglobal.net, mwccoast@aol.com
- Leib M. Lerner                         leib.lerner@alston.com, autodockettest-lax@alston.com
- Elan S. Levey                          elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Tracy L. Mainguy                       bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- Alan I. Nahmias                        anahmias@mbnlawyers.com, jdale@mirmanbubman.com
- Melissa T. Ngo                         ngo.melissa@pbgc.gov, efile@pbgc.gov
- George R. Pitts                        gpitts@sandsanderson.com
- Kurt Ramlo                             kr@lnbyb.com
- Emily P. Rich                          erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net
- Isaiah B. Roter                        iroter@sjlawcorp.com
- Lovee D. Sarenas                       lovee.sarenas@lewis brisbois.com
- Kenneth D. Schnur                      kenneth.schnur@kts-law.com, anastasia.mogilevsky@kts-law.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

- Sonia Singh                           ss@dgdk.com
- Lindsey L. Smith                      lls@lnbyb.com, lls@ecf.inforuptcy.com
- Michele R. Stafford                   mstafford@sjlawcorp.com, collections@sjlawcorp.com
- Nicholas Starkman                     nstarkman@wkclegal.com, syoung@wkclegal.com
- Nicola G. Suglia                      nsuglia@fleischerlaw.com
- David A. Tilem                        davidtilem@tilemlaw.com
- United States Trustee (LA)            ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) March 15, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**OVERNIGHT DELIVERY**

Honorable Sandra Klein
United States Bankruptcy Court
255 E. Temple Street
Bin outside of Suite 1582
Los Angeles, CA 90012

Chapter 7 Trustee
Richard K Diamond (TR)
Danning, Gill, Diamond & Kollitz
1900 Avenue of Stars, 11th Floor
Los Angeles, CA 90067-4402

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 15, 2017 | Cynthia D. Lynch | /s/ Cynthia D. Lynch |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.