HOWARD KOLLITZ (State Bar No. 059611)
hkollitz@dgdk.com
AARON E. DE LEEST (State Bar No. 216832)
adeleest@dgdk.com
SONIA SINGH (State Bar No. 311080)
ssingh@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4402
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Richard K. Diamond,
as Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ASSOCIATED THIRD PARTY ADMINISTRATORS,<br><br>Debtor. | Case No. 2:16-bk-23679-SK<br><br>Jointly administered with:<br>Case No. 2:16-bk-23682-SK<br><br>Chapter 7 |
| In re<br><br>ALLIED FUND ADMINISTRATORS, LLC,<br><br>Debtor.<br><br>☒ Affects Both Debtors<br><br>☐ Affects Associated Third Party Administrators Only<br><br>☐ Affects Allied Fund Administrators, LLC Only. | **TRUSTEE'S CONSOLIDATED REPLY IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER AUTHORIZING: (1) THE REJECTION OF CERTAIN REAL PROPERTY LEASES; AND (2) THE ABANDONMENT OF PERSONAL PROPERTY OWNED BY THE DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPLEMENTAL DECLARATION OF RICHARD K. DIAMOND IN SUPPORT THEREOF**<br><br>Date: March 29, 2017<br>Time: 9:00 a.m.<br>Place: Courtroom "1575"<br>255 E. Temple Street<br>Los Angeles, California 90012 |

1401292.1  1623679A

1

Richard K. Diamond, the Chapter 7 trustee (the "Trustee") for the estate of Associated Third Party Administrators ("ATPA") and Allied Fund Administrators, LLC ("Allied") (collectively, the "Debtors") hereby files this Reply (the "Reply") to the Objection of PTF for Operating Engineers, LLC (the "1640 Alameda Landlord"), the Objection of the Ad Hoc Employee Health and Pension Trust and Fund Group (the "Ad Hoc Group"), and the joinder of Operating Engineers Trust Funds, et al. ("OE") in the Ad Hoc Group's Objection to the Trustee's Motion for an Order Authorizing (1) the Rejection of Certain Real Property Leases (the "Leases"); and (2) the Abandonment of Personal Property Owned by the Debtor (the "Motion"). The Trustee responds to the objections as follows:

A. **THE TRUSTEE SHOULD BE ALLOWED TO REJECT THE LEASE OF THE 1640 ALAMEDA FACILITY RETROACTIVE TO THE CONVERSION DATE**

The 1640 Alameda Landlord is the <u>only one</u> of the <u>nine</u> landlords to object to the Motion and the Trustee's request to reject the nine real property leases[1] as of the January 19, 2017, Conversion Date.[2] The sole grounds for their Objection, putting aside the 1640 Alameda Landlord's mischaracterization of the facts, is that it would be inequitable to retroactively reject the 1640 Alameda Landlord's lease.[3] For the reasons set forth herein and in the Motion, the Trustee disagrees.

In *In re At Home Corp.*, 392 F.3d 1064 (9th Cir. 2004), while the Court applied multiple factors in determining whether the facts of that case justified retroactive rejection, it also recognized a broad range of circumstances that might warrant retroactive relief. *Id.* at 1075 ("[W]e eschew any attempt to spell out the range of circumstances that might justify the use of a bankruptcy court's equitable powers in this fashion. We likewise eschew any attempt to limit the

---

[1] The Motion defines the leases for the 1640 Alameda Facility, 1620 Alameda Facility, Concord Facility, 247 Golden Gate Facility, Livermore Facility, San Diego Facility, Oregon Facility, Illinois Facility, and New York Facility, collectively, as the "Leases."

[2] The failure of the other landlords to oppose the requested relief should be deemed by the Court as to be their consent to treat their leases rejected as of the Conversion Date pursuant to Local Bankruptcy Rule 9013-1(h).

[3] 1640 Alameda Landlord Objection, at ¶ 24.

1401292.1  1623679A                                    2

factors a bankruptcy court may consider when balancing the equities in a particular case. We need not and do not decide whether any one of the factors on which the bankruptcy court relied, standing alone, would justify an exercise of discretion. But in combination those factors supported the court's equitable decision.")

      The Trustee submits that, in this case, it is appropriate for the Court to exercise its equitable powers to approve the rejection as of the Conversion Date. As set forth in the Motion, the Debtors' bankruptcy cases were converted pursuant to an order entered on December 9, 2016, and effective on January 19, 2017 (i.e. the "Conversion Date"). The Trustee accepted his appointment on January 24, 2017. Due to the unusual nature of the post-dated Conversion Date, i.e. arising from entry of an order some 41 days earlier on December 9, 2016, all of the parties to ATPA's case, including the 1640 Alameda Landlord knew about the appointment of the Trustee, except for the Trustee. ATPA and its counsel could have sought the rejection of the Leases pre-conversion during this time, but did not, and after conversion that obligation fell to the Trustee. Following his acceptance of appointment on January 24, 2017, the Trustee, without any free and clear cash to do so, undertook to inspect the 1640 Alameda Facility and remove those books and records that he needed to perform his duties under 11 U.S.C. § 704. <u>38 days</u> after the Trustee's acceptance of his appointment, the Trustee filed the underlying Motion. The Trustee submits that he acted timely in seeking rejection of the Leases on March 3, 2017, only <u>38 days</u> after the acceptance of his appointment. The Trustee's circumstances in this case were more difficult than was the situation dealt with by the Chapter 11 Debtor in Possession in *At Home Corp.* In *At Home Corp.*, the Debtor already had known pre-petition of the nature of its leasehold obligation and had already formed its intention to reject the leases. Thus, it was able to file its motion in the first few days of the case.

      Here, notwithstanding that all of the parties had been in the case for over three months prior to conversion, the Trustee did not know anything about the case, the scope of the secured claims, or any of the Leases when he accepted appointment on January 24, 2017 (other than that he did not have any conflicts). Following his appointment, the Trustee only took <u>38 days</u> to get up to speed, perform his due diligence, and get his Motion to reject the nine Leases on file. As for the timing of the hearing, the Trustee made the decision to set the hearing on regular notice because the relief

being requested (retroactive lease rejection) did not by its terms require an accelerated hearing and was anticipated to draw an objection.

In addition, possession of the 1640 Alameda Facility is not a determining factor as the 1640 Alameda Landlord would have the Court believe. In fact, in *At Home Corp.* the Court stated that "The retroactive date of rejection need not be on or after the date on which the landlord regains possession." *Id.* at 1075. Here, the Trustee submits that he did not take possession of the 1640 Alameda Facility because all he did, in the course of his duties, was inspect the 1640 Alameda Facility and remove certain books and records of the Debtors from the premises. The Trustee's activities at the 1640 Alameda Facility occurred only during two time periods – the first on February 2 and 3, 2017, and the second on March 16, 2017. The Trustee did not exclude the 1640 Alameda Landlord from the premises or change the locks. In fact, on February 26, 2017, the Trustee provided a key to the 1640 Alameda Facility to the 1640 Alameda Landlord's property manager and on February 27, 2017, when requested, the only key fob (which is required for access). The 1640 Alameda Landlord, obviously disputes the Trustee's conclusion that he was not in possession of the 1640 Alameda Facility, however, as set forth in *At Home Corp.*, possession is but one factor and the "retroactive date of rejection need not be on or after the date on which the landlord regains possession." *Id.* at 1075.

Finally, the Court should look to the motivation of the 1640 Alameda Landlord in objecting to the Motion. Here, the 1640 Alameda Landlord's motivation is clear. It is to secure for itself a large Chapter 7 administrative claim in the ATPA case. The monthly rent for the 1640 Alameda Facility is $106,489.80.[4] If the Court denies retroactive rejection, the 1640 Alameda Landlord will likely have one of the largest Chapter 7 administrative claims in the case.

Accordingly, the circumstances warrant relief retroactive to the Conversion Date or, alternatively, to the date the Motion was filed.

---

[4] Kathleen Andrade Declaration, at ¶ 17.

B.  **Abandonment of the Physical Personal Property and Books and Records is Appropriate Under the Circumstances**

The Ad Hoc Group, joined by the OE, object to the Trustee's abandonment of the Debtors' Books and Records and Physical Personal Property, on the grounds that they may contain personally identifiable information and protected health information.[5] The Ad Hoc Group proposes that the Trustee not be allowed to abandon the Books and Records and Physical Personal Property until "arrangements are made" for the personally identifiable information and protected health information to be deleted or destroyed.[6] For the reasons set forth herein and in the Motion, the Trustee disagrees.

Citing *Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494 (1986) and 28 U.S.C. § 959(b), the Ad Hoc Group argues that the Trustee cannot abandon the Books and Records and Physical Personal Property in contravention of California Civil Code 1798.81.[7] In *Midlantic*, the Supreme Court held that "a trustee may not abandon property in contravention of a state statute or regulation that is reasonably designed to protect the public health or safety from identified hazards." *Midlantic*, 474 U.S. at 507. The identifiable health and safety hazard in *Midlantic* was the abandonment of real property contaminated with waste oil in deteriorating and leaking containers. *Midlantic*, 474 U.S. at 497. In passing, the Supreme Court in *Midlantic* commented that 28 U.S.C. § 959(b) "provides additional evidence that Congress did not intend for the Bankruptcy Code to preempt all state laws." *Id.* 28 U.S.C. § 959(b) states that:

> a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws

---

[5] The Ad Hoc Group Objection, at p. 3:21-24.

[6] The Ad Hoc Group Objection, at p. 7:3-4.

[7] The Ad Hoc Group Objection, at p. 5-6. Cal. Civil Code 1798.81 states that "A business shall take all reasonable steps to dispose, or arrange for the disposal, of customer records within its custody or control containing personal information when the records are no longer to be retained by the business by (a) shredding, (b) erasing, or (c) otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means."

     of the State in which such property is situated, in the same manner
that the owner or possessor thereof would be bound to do if in
possession thereof.

28 U.S.C. § 959(b).

   Courts after *Midlantic* have struggled with whether 28 U.S.C. § 959(b) applies to a trustee liquidating assets of the estate after business operations have ceased. However, according to *Collier on Bankruptcy,* the majority of courts hold that 28 U.S.C. § 959(b) does not apply when business operations have ceased and the trustee is liquidating assets of the estate. *See* Alan N. Resnick, *Collier on Bankruptcy*, § 10.03 (16th ed. 2016) (*citing In re Globe Bldg. Materials, Inc.*, 345 B.R. 619, 636-37 (Bank. N.D. Ind. 2006); *In re Valley Steel Prodx. Co., Inc.*, 157 B.R. 442, 448 (Bankr. E.D. Mo. 1993); *In re Scott Housing Sys., Inc.*, 91 B.R. 190, 195-96 (Bankr. S.D. Ga. 1988); *In re Security Gas & Oil, Inc.*, 70 B.R. 786, 796 (Bankr. N.D. Cal. 1987); and *In Re Borne Chemical Co.*, 54 B.R. 126, 135 (Bankr. D.N.J. 1984)). *See also In re N.P. Mining Co., Inc.*, 963 F.2d 1449, 1460-61 (11th Cir. 1992).

   Here, *Midlantic* and 28 U.S.C. § 959(b) simply do not apply to the Trustee's abandonment of the Physical Personal Property and Books and Records of the Debtor. There is no identifiable health and safety hazard such as the disposal of toxic waste that would bring the *Midlantic* into play. Furthermore, the other decisions cited by the Ad Hoc Group that apply *Midlantic* and 28 U.S.C. § 959(b) all involve similar health and safety scenarios involving hazardous waste and environmental law. *See In re HLS Energy CO. Inc.*, 151 F.3d 434 (5th Cir. 1998) (involving plugging oil wells); *In re Wall Tube & Metal Products Co.*, 831 F.2d 118 (6th Cir. 1987) (hazardous waste); *In re Quanta Resources Corp.*, 739 F.2d 912 (3rd Cir 1984) (involving waste oil). Here, the Trustee is simply seeking to abandon the Physical Personal Property and Books and Records of the Debtor.

   Furthermore, 28 U.S.C. § 959(b) only applies where the Trustee will "manage and operate" the property in his possession. *See* 28 U.S.C. § 959(b). The Ninth Circuit's decision in *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 592 (9th Cir. 1993) does not alter this result. In *Hillis,* the issue before the Ninth Circuit was whether the automatic stay had been violated by the Hawaii Department of Commerce and Consumer Affairs and whether 28 U.S.C. §

959(b) was an exception to the automatic stay, which the Court ruled it was not. *Id.* at 593-594. The Ninth Circuit in *Hillis* did not consider the issue of whether a Chapter 7 Trustee was required to comply with State law when he is not managing or operating a business.

Here, in the context of a Chapter 7 case, in order to operate the Trustee would be required by 11 U.S.C. § 721 and Local Bankruptcy Rule 2070-1 to obtain an order from the Bankruptcy Court to permit such operations. In this situation, however, the Trustee has not sought such an order and the Debtors' business operations terminated prior to the Conversion Date and the appointment of the Trustee. Therefore, § 959(b) does not apply and the Trustee is not required to comply with the requirements of Cal. Civil Code § 1798.81.

As set forth in the Motion, the Trustee does not have any free and clear funds to delete and/or destroy the personally identifiable information that may be contained in the Physical Personal Property and Books and Records as the Ad Hoc Group and OE demand.[8] The Trustee also does not have the funds or ability to store the Physical Personal Property and Books and Records until such time that the personally identifiable information can be deleted and/or destroyed. The Trustee is rejecting the Leases where the Physical Personal Property and Books and Records are stored and the landlords, presumably, want to lease the premises to new tenants. Additionally, much of the information at issue is electronic and maintained on leased equipment that is not owned by the Debtors. Pursuant to 11 U.S.C. § 365(d)(1) any of the Debtors' equipment leases for the Physical Personal Property will be deemed rejected by the Trustee by operation of law on March 21, 2017. Thereafter, the equipment lessors will be entitled to take possession of their equipment.

Abandonment does not mean that the personally identifiable information that may be contained in the Physical Personal Property and Books and Records will simply be tossed into the trash. Property abandoned under 11 U.S.C. § 554 reverts to the debtor, or to a party with a

---

[8] The Ad Hoc Group suggests that the Trustee remove the personally identifiable information from 19 categories of electronic equipment (that it says may be incomplete), comprising hundreds of pieces of equipment, if not more. Ad Hoc Group Objection, at Exhibit 1.

possessory interest in the property abandoned, and the debtor's rights to the property are treated as if no bankruptcy petition was filed. *See In re Dewsnup*, 908 F.2d 588, 590 (10th Cir 1990) aff'd, 502 U.S. 410 (1992). In addition, in deciding who should have the obligation to delete and/or destroy the personally identifiable information, it ought to be either the Debtors, who knew of the need to dispose of the personally identifiable information (at least 41 days before the Conversion Date) and had the obligation to do so, or the Ad Hoc Group and OE who had, in fact, entered into a Transition Services Agreement (*docket nos*. 233 and 263) with the Debtors to deal with the transition of the very same information and could have included a process of cleansing the equipment of personally identifiable information in that process. The Trustee has no obligation under the Bankruptcy Code to delete and/or destroy the information, particularly here where he simply has no funds to do so. The only provision in the Bankruptcy Code relating to personal health information arises in the context of a sale of such information under 11 U.S.C. § 363(b)(1)(B), which the Trustee is not doing.

Here, the Trustee suggests that because the Ad Hoc Group and OE are, specifically, demanding that the information be deleted and/or destroyed, they should pay for all the expenses related thereto.

## C. **CONCLUSION**

For the foregoing reasons, and as requested in the Motion, the Trustee requests that the Court enter an order authorizing him to reject the Leases and abandon the Physical Personal Property to the CAM Lenders and the Books and Records to the Debtors. The Trustee also requests such further relief as the Court deems just and proper.

DATED: March 22, 2017          DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
AARON E. DE LEEST
Attorneys for Richard K. Diamond,
Chapter 7 Trustee

## SUPPLEMENTAL DECLARATION OF RICHARD K. DIAMOND

I, Richard K. Diamond, declare and state as follows:

1. I am the Chapter 7 Trustee of the bankruptcy estates (the "Estates") of Associated Third Party Administrators ("ATPA") and Allied Fund Administrators, LLC ("Allied") (collectively, the "Debtors").

2. I have personal knowledge of the facts in this declaration, except as to those matters that are based upon information and belief, which matters I believe to be true. If called as a witness, I could testify competently to these facts.

3. My activities at the leased property located at 1640 S. Loop, Alameda, CA (the "1640 Alameda Facility") occurred only on two separate time periods – the first time was between February 2 and 3, 2017, when my attorney inspected the premises (February 2, 2017) and my accountants imaged the accounting server and email server (February 2 and 3, 2017), and the second time was on March 16, 2017, when my accountants retrieved some additional accounting files.

4. At no point in time did I exclude the landlord for the 1640 Alameda Facility from the premises or change the locks. In fact, on February 26, 2017, my staff provided a key to the 1640 Alameda Facility to the property manager for the 1640 Alameda Facility and on February 27, 2017, when requested, my staff also provided the only key fob for the 1640 Alameda Facility to the property manager. I am now informed that the key fob is required for access to the 1640 Alameda Facility, although I did not learn that it was required until my accountants were unable to access the 1640 Alameda Facility on March 16, 2017, without the property manager's assistance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 22, 2017, at Los Angeles, California.

_____
Richard K. Diamond

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067-4402.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S CONSOLIDATED REPLY IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER AUTHORIZING: (1) THE REJECTION OF CERTAIN REAL PROPERTY LEASES; AND (2) THE ABANDONMENT OF PERSONAL PROPERTY OWNED BY THE DEBTOR; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPLEMENTAL DECLARATION OF RICHARD K. DIAMOND IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 22, 2017 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On March 22, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Associated Third Party Administrators
222 N. Sepulveda Blvd., #2000
El Segundo, CA 90245

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 22, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

BY PERSONAL DELIVERY BY ALSSI ON MARCH 23, 2017
The Honorable Maureen A. Tighe
U.S. Bankruptcy Court
21041 Burbank Blvd., Bin on 1st Floor outside of Intake Section
Woodland Hills, CA 91367

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 22, 2017 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                     F 9013-3.1.PROOF.SERVIC

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Todd M Arnold   tma@lnbyb.com
Catherine Arostegui   carostegui@beesontayer.com, akenney@beesontayer.com
Ron Bender   rb@lnbyb.com
Stuart E Bernsen   bernsen.stuart@pbgc.gov, efile@pbgc.gov
Lynn Brown   notices@becket-lee.com
Shawn M Christianson   cmcintire@buchalter.com, schristianson@buchalter.com
Aaron E De Leest   aed@dgdk.com, DanningGill@gmail.com;adeleest@ecf.inforuptcy.com
Ronald Dean   rdean@74erisa.com, rdean@igc.org
Richard K Diamond (TR)   RKDTrustee@dgdk.com, rdiamond@ecf.epiqsystems.com;DanningGill@Gmail.com
Jonathan R Doolittle   jdoolittle@reedsmith.com, renee-pelusi-2054@ecf.pacerpro.com;rpelusi@reedsmith.com;ashively@reedsmith.com;dkelley@reedsmith.com;bobmiller@kilmerlaw.com;cbroock@kilmerlaw.com;llhomedieu@kilmerlaw.com
Jamie P Dreher   jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
Richard W Esterkin   richard.esterkin@morganlewis.com, gloria.moonesinghe@morganlewis.com
Edward M Fox   emfox@seyfarth.com
Luis A Garcia   garcia.luis.a@dol.gov
Michael I Gottfried   mgottfried@lgbfirm.com, kalandy@lgbfirm.com;cboyias@lgbfirm.com;srichmond@lgbfirm.com;mmocciaro@lgbfirm.com
Brian T Harvey   bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
Mickee Hennessy   mhennessy@westermanllp.com
Jacqueline L James   jlj@lnbyb.com
Gary M Kaplan   gkaplan@fbm.com
Eve H Karasik   ehk@lnbyb.com
Howard Kollitz   HKollitz@DGDK.Com, DanningGill@gmail.com;hkollitz@ecf.inforuptcy.com
Jeffrey S Kwong   jsk@lnbyb.com, jsk@ecf.inforuptcy.com
Dare Law   dare.law@usdoj.gov
Allison R Lemeshewsky   arlemesh@sbcglobal.net, ldtorres@sbcglobal.net;mwccoast@aol.com
Leib M Lerner   leib.lerner@alston.com, autodockettest-lax@alston.com
Elan S Levey   elan.levey@usdoj.gov, louisa.lin@usdoj.gov
Tracy L Mainguy   bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
Thor D McLaughlin   tmclaughlin@allenmatkins.com, igold@allenmatkins.com
Robert B Miller
Alan I Nahmias   anahmias@mbnlawyers.com, jdale@mirmanbubman.com
Melissa T Ngo   ngo.melissa@pbgc.gov, efile@pbgc.gov
Walter K Oetzell   woetzell@dgdk.com, DanningGill@gmail.com;woetzell@ecf.inforuptcy.com
George R Pitts   gpitts@sandsanderson.com, tkearns@sandsanderson.com
Kelly L Pope   kpope@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
Kurt Ramlo   kr@lnbyb.com, kr@ecf.inforuptcy.com
Russell H Rapoport   rrapoport@mbnlawyers.com, aacosta@mbnlawyers.com
Emily P Rich   erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net;cak@blake-uhlig.com
Lovee D Sarenas   lovee.sarenas@lewisbrisbois.com
Kenneth D Schnur   kenneth.schnur@kts-law.com, anastasia.mogilevsky@kts-law.com
Sonia Singh   ss@dgdk.com
Lindsey L Smith   lls@lnbyb.com, lls@ecf.inforuptcy.com
Michele R Stafford   mstafford@sjlawcorp.com, collections@sjlawcorp.com
Nicholas Starkman   nstarkman@wkclegal.com, syoung@wkclegal.com
Nicola G Suglia   nsuglia@fleischerlaw.com
David A Tilem   davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;malissamurguia@tilemlaw.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;MalissaMurguia@ecf.inforuptcy.com;SylviaTilemLaw@gmail.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**