| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Linda Baldwin Jones, State Bar No. 178922<br>Tracy L. Mainguy, State Bar No. 176928<br>Weinberg Roger & Rosenfeld<br>1001 Marina Village Parkway, Suite 200<br>Alameda, CA 94501<br>Telephone: 510-337-1001 Facsimile: 510-337-1023<br>Email: bankruptcycourtnotices@unioncounsel.net<br>tmainguy@unioncounsel.net LBJones@unioncounsel.net<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Operating Engineers Local 501 Security Fund | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>ASSOCIATED THIR PARTY ADMINISTRATORS,<br>Debtor and Debtor in Possession<br><br>In re:<br>ALLIED FUND ADMINISTRATORS, LLC,<br>Debtor and Debtor in Possession<br><br><br>Debtor(s). | CASE NO.: 2:16-BK-23679-SK<br>CHAPTER: 7<br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Operating Engineers Local 501 Security Fund ,
   filed a motion or application (Motion) entitled Motion to Compel Abandonment of Claims Against Insurer

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                          Page 1                     F 9013-1.2.OPPORTUNITY.HEARING.NOTICE
957955

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

   (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2) Movant will lodge an order that the court may use to grant the Motion; and

   (3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 03/05/2018

/s/ Tracy L. Mainguy
Signature of Movant or attorney for Movant
Operating Engineers Local 501 Security Fund
Tracy L. Mainguy, attorney for Movant
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 2                        F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

LINDA BALDWIN JONES, Bar No. 178922
TRACY L. MAINGUY, Bar No. 176928
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bankruptcycourtnotices@unioncounsel.net
          lbjones@unioncounsel.net
          tmainguy@unioncounsel.net

Attorneys for Creditor
Operating Engineers Local 501 Security Fund

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

(LOS ANGELES DIVISION)

| | |
|---|---|
| In Re<br><br>Associated Third Party Administrators,<br><br>    Debtor. | Lead Case No. 2:16-BK-23679-SK<br><br>Jointly administered with:<br>Case No. 2:16-bk-23682-SK<br><br>CHAPTER 11 Cases |
| In Re<br><br>Allied Fund Administrators, LLC,<br><br>    Debtor and Debtor in Possession. | **OPERATING ENGINEERS LOCAL 501 SECURITY FUND'S MOTION TO COMPEL ABANDONMENT OF CLAIMS AGAINST INSURER** |
| ❏ Affects Both Debtors<br><br>☑ Affects Associated Third Party Administrators Only<br><br>☐ Affects Allied Fund Administrators, LLC Only | Judge:    Hon. Sandra R. Klein |

-3-

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1

Operating Engineers Local 501 Security Fund's Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

Operating Engineers Local 501 Security Fund ("Security Fund"), by and through their counsel do hereby seek an order of the court compelling the Chapter 7 Trustee to abandon to the Estate's claims against Chubb[1] ("Chubb" and/or "Insurer") for breach of contract and failure to defend based upon Chubb's denial of coverage for the claims submitted by the Security Fund, claim numbers 394374 and 391409 made under Policy Number 8246-1111 issued to the Debtor Associated Third Party Administrators ("Policy").

This motion is brought pursuant to 11 U.S.C. §554; Fed. R. Bank. P 6007, and LBR 6007-1, which provides that "[a]n order compelling the case trustee or debtor in possession to abandon property of the estate may be obtained upon motion of a party in interest after notice of opportunity to request a hearing pursuant to LBR 9013-1(o). Such notice is being served concurrently with the filing of this motion.

The basis of the motion is that Security Fund obtained relief from stay to pursue the proceeds of the Policy to pay the liability owed to Security Fund by Associated Third Party Administrators ("ATPA") based upon ATPA's breaches of contract and negligence. Suit was filed against ATPA in the Superior Court for the State of California, County of Los Angeles ("Non-bankruptcy Action"). Default against ATPA was entered in the Non-bankruptcy action. However, Chubb denied coverage of the claims for the liability of ATPA. Because the Estate, not the Security Fund owns the claims against Chubb relating to denial of Security Fund's claims against the Policy, Security Fund is seeking abandonment of the Estate's claims which would be burdensome for the Trustee to pursue and are of inconsequential value to the Estate, given that the proceeds of the policy, if such claims are successful, would be paid to Security Fund, who waived any deficiency claim against the Estate. Thus, the Court should compel the Trustee to abandon the claims against Chubb to the Security Fund under 554(b) of the Bankruptcy Code.

## I.   RELEVANT FACTS

Security Fund is a multi-employer employee benefit plan created for the purpose of administering the Health and Welfare Plan, which provides Health and Welfare benefits to IUOE Stationary Engineers Local 501 members. ATPA entered a contract with Security Fund under

---

[1] The Policy was written by Federal Insurance Company.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

-4-

2

Operating Engineers Local 501 Security Fund's Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

which it acted as its Third Party Administrator. ATPA negligently handled two matters which it was engaged to administer under the contract. Consequently, Security Fund filed two claims (Numbers 394374 and 391409) against ATPA's Errors and Omissions Policy. The total amount owed to the Security Fund for such insurance claims is approximately $1,161,145.24.

Chubb issued a Chubb Professional Portfolio Policy which includes a Miscellaneous Professional and Technology Services Liability Coverage Part bearing policy number 8246-1111, to ATPA for the policy period starting November 11, 2015, through January 31, 2017.[2] The Policy has a maximum limit of liability for each Claim or Related Claims of $10,000,000, subject to the aggregates, terms, conditions and exclusions contained therein, including a $100,000 Retention.

Security Fund notified ATPA of the losses that it suffered as a result of the negligent acts of its agents on October 24, 2016, and demanded reimbursement from ATPA for the monetary losses that it suffered as a result of ATPA's negligent acts. However, at the time the demand was made, the Security Fund was unaware that ATPA had already filed a petition for relief under Chapter 11 of the Bankruptcy Code. Thereafter, on January 31, 2017, Security Fund notified Chubb of the claims under the Policy. The Security Fund filed a Motion for Relief from Automatic Stay to pursue an action in a non-bankruptcy forum in order to recover against the Debtor's insurance policy for the negligent acts of ATPA on which the claims are based. (ECF No. 436). The Court granted Security Fund Relief from Automatic Stay on June 14, 2017. (ECF No. 459). The Court's Order Granting Relief from Stay provides that relief from automatic stay to Security Fund is limited to collecting upon available insurance in accordance with non-bankruptcy law. The Order further expressly states that Movant, *i.e.*, the Security Fund, expressly waives any deficiency claim against the Debtor or the Debtor's estate.

After receiving relief from the automatic stay, Security Fund learned Chubb informed the Chapter 7 Trustee that it denies that coverage exists for both of the claims based upon Section III(G) of the Policy, which provides,

---

[2] See Declaration of Tracy L. Mainguy ¶8, Ex. 1.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

-5-

3

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

> The Company shall not be liable for Loss on account of any Claim for any liability of an Insured under any oral or written contract or agreement, provided that this Exclusion (G) shall not apply to Loss to the extent that an Insured would have been liable in the absence of such contract or agreement;

Security Fund requested that the Chapter 7 Trustee assign its claims against Chubb for breach of contract and wrongful failure to defend the Security Fund. (Mainguy Decl. Ex. 2.) However, Security Fund never received a response to its request from the Chapter 7 Trustee.

On October 5, 2017, Security Fund filed a Complaint in the Superior Court for Los Angeles County against Associated Third Party Administrators for breach of contract and negligence in relation to the acts of Associated Third Party Administrators for which the claims against the Policy were made. *Operating Engineers Local 501 v. Benefit Program Administration, et al.,* Los Angeles Co. Superior Court No. KC069684. (Mainguy Decl., Ex. 3.) Associated Third Party Administrators did not respond to the Complaint. Default was entered against Associated Third Party Administrators on January 19, 2018. (Mainguy Decl., Ex. 4.)

## II. LEGAL ARGUMENT

### A. THE CLAIMS FOR BREACH OF CONTRACT AND WRONGFUL FAILURE TO DEFEND ARE CLAIMS OF THE BANKRUPTCY ESTATE

Section 541 defines property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). *In re Folks,* 211 B.R. 378, 384 (9th Cir. BAP 1997).

Therefore, assets of the estate properly include any of the debtors' causes of actions. *Cusano v. Klein,* 264 F.3d 936, 945 (9th Cir.2001).[3] Unscheduled claims pass to the trustee and

---

[3] See also *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 2313 n. 9, 76 L.Ed.2d 515 n. 9 (1983) (Citing to comments made in the House and Senate Reports on the Bankruptcy Code, "[t]he scope of this paragraph [§ 541(a)(1) ] is broad. It includes all kinds of property, including tangible or intangible property, causes of action (see Bankruptcy Act § 70a(6)), and all other forms of property currently specified in section 70a of the Bankruptcy Act. H.R.Rep. No. 95–595, p. 367 (1977); S.Rep. No. 95–989, p. 82 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5868, 6323."); *In re Moore,* 110 B.R. 924, 925–926 (Bankr.C.D.Cal.1990) (lender liability action by debtor against bank is estate property); *Gandy v. Peoples Bank and Trust Co.,* 224 B.R. 340, 345 (S.D.Miss.1998)(debtor's lawsuit, instituted after discharge, based on allegedly unlawful insurance premiums and interest in connection with a pre-bankruptcy loan, was estate property).

-6-

4

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

are not automatically abandoned.[4]  Abandonment cannot occur without notice to creditors and a hearing. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 709 (9th Cir.1986).

Here, the Security Fund obtained relief from the automatic stay to pursue its claims against the Policy for breach of contract and negligent handling of claims by ATPA as administrator of the Security Fund. The Security Fund filed suit against ATPA in state court to pursue the claims for which it seeks recovery under ATPA's Policy. However, Chubb denied the claims under the Policy on the grounds the claims were not covered by the Policy. More specifically, Chubb stated that claims based upon contracts are not covered. Chubb has not defended ATPA in the Non-Bankruptcy Action. Rather, a default was recently entered against ATPA in the Non-bankruptcy Action. Thus, in order for the Security Fund to pursue its claims against the proceeds of Debtor's insurance policy, the Security Fund must additionally pursue a claim against Chubb for breach of contract and/or wrongful failure to defend under the Policy.

However, the Security Fund does not own such claims. The claims are property of the Estate, notwithstanding that they have not been scheduled by the Trustee. Therefore, the Security Fund by way of this motion seeks an order abandoning the claim for breach of contract and wrongful failure to defend so that the Security Fund can attempt recovery under the insurance policy based upon the claims against the Debtor stated in the Non-bankruptcy Action.

**B. THE CLAIMS ARE OF INCONSEQUENTIAL VALUE TO THE ESTATE; THEREFORE, THE COURT SHOULD COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON THEM TO SECURITY FUND**

Bankruptcy Code § 554(b) entitled "Abandonment of property of the estate" provides:

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

---

[4] *See, e.g., Welsh v. Quabbin Timber, Inc*., 199 B.R. 224, 229 (D.Mass.1996), even though the estate is closed or the plan is confirmed. *Dixon v. First Family Financial Services*, 276 B.R. 173, 181 (S.D.Miss.2002), abrogated on other grounds, *Reed v. Mississippi Farm Bureau Mut. Ins. Co*., 299 B.R. 804 (S.D.Miss.2003)("It is axiomatic that, without disclosure of property, it can be neither abandoned nor administered."); see also, *Tilley v. Anixter Inc*., 332 B.R. 501, 508 (D.Conn.2005)(closure of an estate does not result in abandonment of unscheduled claim); *An–Tze Cheng v. K&S Diversified Investments, Inc*., 308 B.R. 448, 459–60 (9th Cir. BAP 2004) (trustee may reopen case to administer omitted asset); 11 U.S.C. § 554.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

Courts have recognized that in order for the third party claimant to pursue the Debtor's claims for breach of contract or wrongful failure to defend, the creditor must either be assigned the claims (with notice and a hearing noticed to creditors approved by the bankruptcy court) or the claims must be abandoned by the Trustee. *Crum v. Tomlinson (In re Hattic),* 413 B.R. 733, 753 (D. Montana 2009).

Here, the Security Fund sought an assignment of the claims by the Trustee. The Trustee failed to respond to the requests for an assignment. (Mainguy Decl., ¶9.) The Motion for Relief from Stay expressly states that the relief under the automatic stay is limited to any available insurance in accordance with applicable non-bankruptcy law, and additionally, that movant expressly waives any deficiency claim or other claim against the Debtor or Debtor's Estate.

The claims against the Insurer are of inconsequential value to the Estate, since they relate to payment of the third party claims covered by insurance for which Debtor will not be liable. The Security Fund is pursuing these claims at its own expense. Since the Security Fund waived its deficiency claim against the Debtor and Debtor's Estate, litigating the claims against Chubb to secure coverage under the Policy for Security Fund's claims against the Policy would be burdensome. Furthermore, the claims will not result in a recovery for creditors, but would benefit only Security Fund. The Trustee may expect coverage under the Policy, but does not have a right to the proceeds of the Policy. *Id.* at 754. Moreover, if Security Fund is successful in getting its claims under the Policy paid by pursuing the abandoned claims for breach of contract and wrongful failure to defend against Chubb, it will benefit the other creditors by eliminating a large claim filed by Security Fund in the bankruptcy estate. As such, the claims are of inconsequential value to the Estate. *In re Christian*, 2012 Banker. LEXIS 4769 *9-11, 2012 WL 4830473 (Bankr. D. Idaho 2012).

Accordingly, the Court should grant the Security Fund's motion and order that the Estate's claims against Chubb for breach of contract and wrongful failure to defend are abandoned to the Security Fund so that the Security Fund can pursue the insurance proceeds to collect any default judgment that may be entered in the Non-Bankruptcy Action.

-8-

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

### III. CONCLUSION

For the above stated reasons, the Estate's claims against Chubb for breach of contract and failure to defend are abandoned to the Security Fund.

Dated: March 5, 2018

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ Tracy L. Mainguy
Tracy L. Mainguy
Attorneys for Creditor
Operating Engineers Local 501 Security Fund

142670\957909

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

-9-

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Weinberg, Roger & Rosenfeld, 1001 Marina Village Parkway, Suite 200, Alameda, CA  94501

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/06/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 03/06/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/06/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Sandra R. Klein
U. S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1582
Los Angeles, CA  90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/06/2018 | J. L. ARANDA | /s/ J. L. Aranda |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

-10-

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*     Page 3     **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

**In re Associated Third Party Administrator**
**Central District of California (Los Angeles)**
**Lead Case No. 2:16-bk-23679-SK**
**Jointly Administered with: Case No. 2:16-bk-23682-SK**

The following is a list of **parties** who are being served by U. S. Mail:

| | |
|---|---|
| Robert B Miller<br>Kilmer, Voorhees & Laurick PC<br>732 NW 19th Ave<br>Portland, OR 97209 | Brutzkus Gubner Rozansky Seror Weber LLP<br>21650 Oxnard Street, Ste 500<br>Woodland Hills, CA 91367 |
| Bart Kessel<br>515 S Flower St<br>Forty-Second Fl<br>Los Angeles, CA 90071 | American Express Travel Related Services Company, Inc.<br>c/o Becket & Lee LLP<br>P. O. Box 3001<br>Malvern  PA  19355-0701 |
| D. Alexander Floum<br>The Williams Firm<br>1850 Mt. Diablo Boulevard, #340<br>Walnut Creek, CA  94596 | Shawn C. Groff<br>1330 Broadway, Suite 1450<br>Oakland, CA  94612 |
| IBM Corporation<br>Attn:  Marie-Josee Dube<br>275 Viger East<br>Montreal, Quebec  H2X 3R7 Canada | Russell J Reid<br>Reid McCarthy Ballew & Leahy LLP<br>100 West Harrison Street<br>N Tower, Suite 300<br>Seattle, WA  98119 |
| Operating Engineers Local 501 Security Fund<br>c/o Cornwell & Baldwin<br>1017 East Grand Avenue<br>Escondido  CA  92025 | |

The following is a list of **parties** who are being served via email:

<u>For Chubb Insurance</u>     Frank White¨ frankwhite@chubb.com

<u>Counsel for Benefit Programs Administration</u>     Robert M. Anderson:  robertanderson@wilsonelser.com


The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Todd M Arnold tma@lnbyb.com
- Catherine Arostegui carostegui@beesontayer.com, akenney@beesontayer.com
- Jessica L Bagdanov jbagdanov@bg.law, ecf@bg.law
- Ron Bender rb@lnbyb.com
- Stuart E Bernsen bernsen.stuart@pbgc.gov, efile@pbgc.gov
- Karl E Block kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com
- Jerrold L Bregman ecf@bg.law, jbregman@bg.law
- Lynn Brown notices@becket-lee.com
- Martin G Bunin , melanie.mizrahie@alston.com
- Martin G Bunin mbunin@farrellfritz.com, melanie.mizrahie@alston.com
- Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- Jennifer Witherell Crastz jcrastz@hemar-rousso.com
- Ronald Dean rdean@74erisa.com, rdean@igc.org

-11-

**In re Associated Third Party Administrator**
**Central District of California (Los Angeles)**
**Lead Case No. 2:16-bk-23679-SK**
**Jointly Administered with: Case No. 2:16-bk-23682-SK**

- Richard K Diamond (TR) RKDTrustee@dgdk.com, rdiamond@ecf.epiqsystems.com; DanningGill@Gmail.com
- Jonathan R Doolittle jdoolittle@reedsmith.com, renee-pelusi-2054@ecf.pacerpro.com; rpelusi@reedsmith.com;
  ashively@reedsmith.com; dkelley@reedsmith.com; bobmiller@kilmerlaw.com; cbroock@kilmerlaw.com;
- Jamie P Dreher jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Richard W Esterkin richard.esterkin@morganlewis.com, gloria.moonesinghe@morganlewis.com
- Edward M Fox emfox@seyfarth.com
- Luis A Garcia garcia.luis.a@dol.gov
- Bernard R Given bgiven@loeb.com, mortiz@loeb.com,ladocket@loeb.com
- Michael I Gottfried mgottfried@lgbfirm.com, srichmond@lgbfirm.com; emeza@lgbfirm.com; njanbay@lgbfirm.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- Mickee Hennessy mhennessy@westermanllp.com
- Jacqueline L James jlj@lnbyb.com
- Gary M Kaplan gkaplan@fbm.com
- Eve H Karasik ehk@lnbyb.com
- Howard Kollitz HKollitz@DGDK.Com, DanningGill@gmail.com;hkollitz@ecf.inforuptcy.com
- Jason B Komorsky ecf@bg.law, jkomorsky@bg.law
- Jeffrey S Kwong jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Dare Law dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov
- Allison R Lemeshewsky allison@MwcandAssociates.com, luisa@MwcandAssociates.com; jason@MwcandAssociates.com; mwccoast@aol.com
- Leib M Lerner leib.lerner@alston.com, autodockettest-lax@alston.com
- Elan S Levey elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Tracy L Mainguy bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- Thor D McLaughlin tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- Alan I Nahmias anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Melissa T Ngo ngo.melissa@pbgc.gov, efile@pbgc.gov
- Elaine Nguyen elaine@wsrlaw.net, vinnet@ecf.inforuptcy.com;elayna@wsrlaw.net
- Walter K Oetzell woetzell@dgdk.com, DanningGill@gmail.com;woetzell@ecf.inforuptcy.com
- Renee M Parker renee.parker@mtglawfirm.com, bknotice@earthlink.net
- George R Pitts gpitts@sandsanderson.com, tkearns@sandsanderson.com
- Kelly L Pope kpope@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Kurt Ramlo kr@lnbyb.com, kr@ecf.inforuptcy.com
- Russell H Rapoport rrapoport@mbnlawyers.com, aacosta@mbnlawyers.com
- Emily P Rich erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net;cak@blake-uhlig.com
- Lovee D Sarenas lovee.sarenas@lewisbrisbois.com
- Kenneth D Schnur kenneth.schnur@kts-law.com, anastasia.mogilevsky@kts-law.com
- Susan K Seflin sseflin@brutzkusgubner.com
- James R Selth jim@wsrlaw.net, jselth@yahoo.com;melissa@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Sonia Singh ss@dgdk.com, DanningGill@gmail.com,SSingh@ECF.Inforuptcy.com
- Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com
- Michele R Stafford mstafford@sjlawcorp.com, collections@sjlawcorp.com
- Nicholas Starkman nstarkman@wkclegal.com, syoung@wkclegal.com
- Nicola G Suglia nsuglia@fleischerlaw.com
- David A Tilem davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com; malissamurguia@tilemlaw.com; joanfidelson@tilemlaw.com; JoanFidelson@ecf.inforuptcy.com; MalissaMurguia@ecf.inforuptcy.com

-12-

**In re Associated Third Party Administrator**
**Central District of California (Los Angeles)**
**Lead Case No. 2:16-bk-23679-SK**
**Jointly Administered with: Case No. 2:16-bk-23682-SK**

- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Aaron E de Leest aed@dgdk.com, DanningGill@gmail.com;adeleest@ecf.inforuptcy.com