LINDA BALDWIN JONES, Bar No. 178922
TRACY L. MAINGUY, Bar No. 176928
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bankruptcycourtnotices@unioncounsel.net
           lbjones@unioncounsel.net
           tmainguy@unioncounsel.net

Attorneys for Creditor
Operating Engineers Local 501 Security Fund

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (LOS ANGELES DIVISION)

| | |
|---|---|
| In Re<br><br>Associated Third Party Administrators,<br><br>      Debtor.<br> | Lead Case No. 2:16-BK-23679-SK<br><br>Jointly administered with:<br>Case No. 2:16-bk-23682-SK<br><br>CHAPTER 11 Cases |
| In Re<br><br>Allied Fund Administrators, LLC,<br><br>      Debtor and Debtor in Possession. | **DECLARATION OF TRACY L. MAINGUY IN SUPPORT OF OPERATING ENGINEERS LOCAL 501 SECURITY FUND'S MOTION TO COMPEL ABANDONMENT OF CLAIMS AGAINST INSURER** |
| ❑ Affects Both Debtors<br><br>☒ Affects Associated Third Party<br>   Administrators Only<br><br>❑ Affects Allied Fund Administrators, LLC<br>   Only | Judge:    Hon. Sandra R. Klein |

1

Decl. Mainguy Iso Operating Engineers Local 501 Security Fund's Motion To Compel Abandonment Of
Claims Against Insurer                                                                  Case No. 2:16-BK-23679-SK

I, TRACY L. MAINGUY declare as follow:

1. I am an attorney at law, admitted to practice before this Court, and an attorney with the law firm of Weinberg, Roger & Rosenfeld, located at 1001 Marina Village Parkway, Suite 200, Alameda, CA 941501-1091, attorneys for Creditor Operating Engineers Local 501 Security Fund ("Security Fund") in the above-referenced matter. I make this declaration upon my personal knowledge, and, if called as a witness, I could competently testify to the facts hereinafter stated.

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the claims filed by Security Fund against Chubb to recover under Policy No. 8246-1111 issued by Federal Insurance Company ("Insurer" and/or "Chubb"). I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Security Fund on behalf of Security Fund, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Security Fund's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Security Fund by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are attached to the Proof of Claim filed by Security Fund in this bankruptcy proceeding (Claim No. 181), and are available for inspection and copies can be submitted to the Court if required.

3. Security Fund is a multi-employer employee benefit plan created for the purpose of administering the Health and Welfare Plan, which provides Health and Welfare benefits to IUOE Stationary Engineers Local 501 members.

4. Associated Third Party Administrators ("ATPA") entered a contract with Security Fund under which it acted as its Third Party Administrator. ATPA negligently handled two matters which it was engaged to administer under the contract. Consequently, Security Fund filed two claims (Numbers 394374 and 391409) against ATPA's Errors and Omissions Policy, which

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

Decl. Mainguy Iso Operating Engineers Local 501 Security Fund's Motion To Compel Abandonment Of
Claims Against Insurer                               Case No. 2:16-BK-23679-SK

1 was issued by Chubb.  The total amount owed to the Security Fund for such insurance claims is

2 approximately $1,161,145.24.

3     5.    Security Fund notified ATPA of the losses that it suffered as a result of the

4 negligent acts of its agents on October 24, 2016 and demanded reimbursement from ATPA for

5 the monetary losses that it suffered as a result of ATPA's negligent acts.  However, at the time the

6 demand was made, the Security Fund was unaware that ATPA had already filed a petition for

7 relief under Chapter 11 of the Bankruptcy Code.  Thereafter, on January 31, 2017, Security Fund

8 notified Chubb of the claims under the Policy.

9     6.    The Trust Funds filed a Motion for Relief from Automatic Stay to pursue an action

10 in a non-bankruptcy forum in order to recover against the Debtor's insurance policy for the

11 negligent acts of ATPA on which the claims are based.  (ECF No. 436).

12     7.    The Court granted Security Fund Relief from Automatic Stay on June 14, 2017.

13 (ECF No. 459).  The Court's Order Granting Relief from Stay provides that relief from automatic

14 stay to Security Fund is limited to collecting upon available insurance in accordance with non-

15 bankruptcy law.  The Order further expressly states that Movant expressly waives any deficiency

16 claim against the Debtor or the Debtor's Estate.

17     8.    After receiving relief from the automatic stay, Security Fund learned Chubb

18 informed the Chapter 7 Trustee that it denies that coverage exists for both of the claims based

19 upon Section III(G) of the Policy.  A true and accurate copy of the letters denying coverage

20 forwarded to the Security Fund by Chubb are attached hereto as **Exhibit 1.**

21     9.    Security Fund requested that the Chapter 7 Trustee assign its claims against Chubb

22 for breach of contract and wrongful failure to defend the Security Fund.  However, Security Fund

23 never received a response to its request from the Chapter 7 Trustee.  A true and accurate copy of

24 the correspondence from the Security Fund to the Trustee requesting an assignment of the claims

25 which the Security Fund is moving the Court to compel the Trustee to abandon is attached hereto

26 as **Exhibit 2**.

27     10.    On October 5, 2017, Security Fund filed a Complaint in the Superior Court for

28 Los Angeles County against Associated Third Party Administrators for breach of contract and

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

Decl. Mainguy Iso Operating Engineers Local 501 Security Fund's Motion To Compel Abandonment Of
Claims Against Insurer    Case No. 2:16-BK-23679-SK

1  negligence in relation to the acts of Associated Third Party Administrators for which the claims
2  against the Policy were made.  A true and accurate copy of the aforementioned Complaint is
3  attached hereto as **Exhibit 3**.  Associated Third Party Administrators did not respond to the
4  Complaint.  Default was entered against Associated Third Party Administrators on January 19,
5  2018.  A true and accurate copy of the Default and related Notice of Entry of Default is attached
6  hereto as **Exhibit 4**.
7      I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th
8  day of March 2018 in Osprey, Florida.

*/s/ Tracy L. Mainguy*
TRACY L. MAINGUY

142670\957909

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

Decl. Mainguy Iso Operating Engineers Local 501 Security Fund's Motion To Compel Abandonment Of
Claims Against Insurer    Case No. 2:16-BK-23679-SK