*In re Associated Third Party Administrator*
**Central District of California (Los Angeles)**
**Lead Case No. 2:16-bk-23679-SK**
**(Jointly Administrated with: Case No. 2: 16-bk-23682-SK)**

# EXHIBIT 2
## To Declaration of Mainguy in Support of Operating Engineers Local 501 Security Fund's Motion to Compel Abandonment of Claims Against Insurer

# WEINBERG, ROGERS & ROSENFELD
## A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
TELEPHONE (510) 337-1001
FAX (510) 337-1023
WWW.UNIONCOUNSEL.NET

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES J. WESSER
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA •
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
KRISTINA L. HILLMAN ••
EMILY P. RICH
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
ANNE I. YEN
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOIGUES •••
KERIANNE R. STEELE ••
GARY P. PROVENCHER
EZEKIEL D. CARDER ••••
MONICA T. GUIZAR
SHARON A. SEIDENSTEIN
LISL R. SOTO

JOLENE KRAMER
ANTHONY J. TUCCI
MICHAEL D. BURSTEIN
ALEJANDRO DELGADO
MINSU D. LONGIARU •••••
CAROLINE N. COHEN
XOCHITL A. LOPEZ
CAITLIN E. GRAY
TIFFANY CRAIN ALTAMIRANO ••
RYAN B. KADEVARI
ANDREA E. BRUSS
DAVID W.M. FUJIMOTO
CHRISTINE E. ALVISUREZ
ADAM J. THOMAS

VINCENT A. HARRINGTON, Of Counsel
PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel
NINA FENDEL, Of Counsel
TRACY L. MAINGUY, Of Counsel ••••••
CHRISTIAN L. RAISNER, Of Counsel
THEODORE FRANKLIN, Of Counsel
ROBERT E. SZYKOWNY, Of Counsel

•    Admitted in Hawaii
••   Also admitted in Nevada
•••  Also admitted in Illinois
•••• Also admitted in New York and Alaska
•••••Also admitted in New York and Michigan

June 5, 2017

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED AND EMAIL**

Richard K Diamond, Trustee
Danning, Gill, Diamond & Kollitz
1900 Avenue of Stars, 11th Floor
Los Angeles, CA 90067-4402

Re:   INSURED: ASSOCIATED THIRD PARTY ADMINISTRATORS
      AND ITS SUBSIDIARIES
      POLICY NO: 8246-1111
      CLAIM NOS: 394374 and 391409
      POLICY TYPE: Chubb Professional Portfolio Policy
      WRITING COMPANY: Federal Insurance Company
      SUBJECT: Operating Engineers Local 501 Security Fund

Dear Mr. Diamond:

This letter is addressed to you as the Trustee in Bankruptcy for a proceeding involving Associated Third Party Administrators ("ATPA"). Our firm represents Operating Engineers Local 501 Security Fund ("Security Fund"), a creditor in the bankruptcy. I am contacting you in regard to the letters you received from Frank White, Sr. Director, North American Financial Lines Claims for Chubb in regard to two claims filed by Security Fund against ATPA's Policy No. 8246-1111.

In the letters, Chubb informed you that it denies that coverage exists for both of the claims based upon Section III(G), which provides,

*The Company shall not be liable for **Loss** on account of any **Claim** for any liability of an **Insured** under any oral or written contract or agreement, provided that this Exclusion (G) shall not apply to **Loss** to the extent that an **Insured** would have been liable in the absence of such contract or agreement;*

Security Fund is a multi-employer employee benefit plan created for the purpose of administering the Health and Welfare Trust Fund, which provides Health and Welfare benefits to IUOE Stationary Engineers Local 501 members. ATPA entered a contract with Security Fund under which it acted as its Third Party Administrator. ATPA negligently handled two matters which it was engaged to administer under the contract. Consequently, Security Fund filed two claims against ATPA's Errors and Omissions Policy. The total amount owed to the Security Fund for such insurance claims is $1,161,145.24.

LOS ANGELES OFFICE
800 Wilshire Boulevard, Suite 1320
Los Angeles, CA 90017-2607
TEL 213.380.2344 FAX 213.443.5098

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
Union Plaza
1136 Union Mall, Suite 402
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881

-9-

Richard K Diamond, Trustee
June 5, 2017
Page 2

Security Fund notified ATPA of the losses that it suffered as a result of the negligent acts of its agents on October 24, 2016 and demanded reimbursement from ATPA for the monetary losses that it suffered as a result of ATPA's negligent acts. However, at that time, it was unaware that ATPA had already filed a petition for relief under Chapter 11 of the Bankruptcy Code. Thereafter, on January 31, 2017, Security Fund notified Chubb of the claims under the policy. The Trust Funds filed a Motion for Relief from Automatic Stay to pursue an action in a non-bankruptcy forum in order to recover against the Debtor's insurance policy for the negligent acts of ATPA on which the claims are based. It is set for hearing on June 7, 2017 at 8:30 a.m. You filed a statement of non-opposition to the Motion. No other response was filed to the Motion. Security Fund's Motion for Relief from Automatic Stay will likely be granted. At the time that Security Fund filed its Motion for Relief from Automatic Stay, Federal had neither admitted coverage exists under the Policy.

Security Fund believes that coverage for its claims based upon ATPA's negligent handling of the stop loss claim and third party lien claim does exist under the Policy. Consequently, in light of the determination by Chubb that coverage is not available under the Policy, **the Security Fund is requesting that you to assign all claims and causes of action the Trustee may now have or hereafter acquire against Chubb based on Chubb's failure and refusal to provide coverage under the Errors & Omissions Policy for the Security Fund's claims, including but not limited to breach of contract, breach of duty to defend and breach of the covenant of good faith and fair dealing.**

In exchange Security Fund will agree to seek recovery only from applicable insurance, if any, and waives any deficiency or other claim against the property of ATPA of the ATPA's Bankruptcy Estate. **The Assignment will enable the Trust Funds to pursue the claims to the extent of the insurance proceeds.**

Attached for your review is the Assignment relating to the claims. Please contact me upon review of the above to confirm whether you are agreeable to assigning the claims and whether the Assignment attached meets with your approval as drafted.

If so, we will prepare a notice of motion and motion for approval of the stipulation regarding the assignment. Thank you in advance for your consideration of this matter and prompt response.

Sincerely

*Tracy L. Mainguy*
Tracy L. Mainguy

TLM:ja
opeiu 29 afl-cio(1)

Enclosures

142670\917627

## ASSIGNMENT OF RIGHTS IN EXCHANGE FOR COVENANT NOT TO EXECUTE

THIS IS AN AGREEMENT BETWEEN:

Richard K. Diamond in his capacity as Trustee of the Estate of Associated Third Party Administrators, United States Bankruptcy Court for the Central District of California, Los Angeles, Bankruptcy No. 2:16-bk-23679-SK, and

Operating Engineers Local 501 Security Fund ("Security Fund")

### RECITALS

Security Fund is a multi-employer employee benefit plan created for the purpose of administering the Health and Welfare Trust Fund, which provides Health and Welfare benefits to IUOE Stationary Engineers Local 501 members.

Associated Third Party Administrators ("ATPA") entered a contract with Security Fund under which it acted as its Third Party Administrator. A copy of the service contract is attached hereto as **Exhibit 1**. Benefit Programs Administrator ("BPA") was the third party administrator for the Security Fund until February 1, 2015.

ATPA is insured under a Professional Portfolio Policy issued by Federal Insurance Company (hereinafter "Federal"), which includes a Miscellaneous Professional and Technology Services Liability Coverage Part bearing policy number 8246-1111, to ATPA for the policy period starting November 11, 2015, through January 31, 2017 ("Errors and Omissions Policy"). The Errors and Omissions Policy has a maximum limit of liability for each claim or related claims of $10,000,000, subject to the aggregates, terms, conditions and exclusions contained therein, including Retention of $100,000. A true and accurate copy of the Errors and Omissions Policy is attached hereto as **Exhibit 2**.

Security Fund claims ATPA negligently handled two matters which it was engaged to administer under the contract attached as Exhibit 1 hereto. Consequently, Security Fund filed two claims against ATPA's Errors and Omissions Policy. The total amount owed to the Security Fund for the two claims filed by the Security Fund is $1,161,145.24.

The first claim against the Errors and Omissions Policy relates to a failure by ATPA to remit notice to Security Fund's stop loss carrier of expenditures for a Dependent Child which resulted in an untimely claim under that policy being submitted ("Stop Loss Claim"). More specifically, between February 1, 2015 through October 17, 2016, ATPA and its Executive Officers and employees negligently and carelessly supervised, oversaw, and handled the account of Security Fund, and in particular failed to properly monitor expenditures for a Dependent Child, resulting

-11-

in the untimely filing of a claim under the Security Fund's stop loss insurance. The loss to the Security Fund as a result of the failure to timely file a stop loss claim is $1,133,094. ATPA was notified of the claim on October 24, 2016. Federal, the Errors and Omission Carrier, was notified of the claim on January 30, 2017. True and accurate copies of the notification letter to ATPA and to Federal are attached hereto as **Exhibit 3** and **Exhibit 4**, respectively. On March 23, 2017, Federal requested additional information regarding the Stop Loss Claim. A copy of Federal's request is attached hereto as **Exhibit 5**. The Security Fund's response to Federal on March 31, 2017 is attached hereto as **Exhibit 6**.

The second claim against the Errors and Omissions Policy relates to ATPA's failure to follow the Fund's guidelines with respect to settlement of a third party lien claim by the Security Fund, and failure to obtain the Fund's authorization for settling the claim for an amount well below the amount that would have been recovered had ATPA and its Executive Officers and employees followed the Fund's guidelines ("TPL Claim"). ATPA's failures resulted in a loss of $28,051.24 to Security Fund. ATPA was notified of such claim. Federal was notified of the claim on January 30, 2017. True and accurate copies of the notification letter to ATPA and the notification letter to Federal are attached hereto as **Exhibit 7** and **Exhibit 8**, respectively. On March 23, 2017, Federal requested additional information regarding the TPL Claim. A copy of Federal's request is attached hereto as **Exhibit 9**. The Security Fund's response to Federal on March 31, 2017 is attached hereto as **Exhibit 10**.

ATPA filed a petition for relief under Chapter 11 in United States Bankruptcy Court for the Central District, Los Angeles, Bankruptcy No. 2:16-bk-23679-SK on October 17, 2016. (ECF 1). The Security Fund had no knowledge of the bankruptcy filing when it notified ATPA of its claims and demanded reimbursement for the monetary losses Security Fund suffered as a result of ATPA's actions. (ECF 436 at p. 6, ¶5(a)).

ATPA's bankruptcy case was converted to a case under Chapter 7 on December 9, 2016. Richard K. Diamond was appointed Chapter 7 Trustee in the aforementioned case.

On May 15, 2017, the Security Fund filed a Motion for Relief from Automatic Stay in order to pursue the Stop Loss Claim and the TPL Claim in a non-bankruptcy forum. (ECF No. 436). In light of the failure of Federal to admit that coverage exists under the Errors and Omissions Policy for the above-referenced claims prior to the Security Fund filing its Motion for Relief from Automatic Stay, Security Fund states that Federal Insurance would be a Defendant in the non-bankruptcy forum in paragraph 5(g) of the Declaration of Tracy L. Mainguy in support of the Motion for Relief from Automatic Stay.

As of the date of the filing of its Motion for Relief from Automatic Stay, Security Fund had not been notified as to whether Federal had admitted or denied whether coverage exists under the policy for the aforementioned claim.

-12-

2

After Security Fund filed its Motion for Relief from Automatic Stay on or about May 15, 2017, Federal forwarded counsel for the Security Fund letters addressed to Trustee dated April 27, 2017 in which Federal addressed Security Funds' claims. In regard to each claim, Federal denied that coverage exists under the policy for either claim on the grounds that Section III(G) of the Errors and Omissions Policy, provides:

> *The Company shall not be liable for Loss on account of any Claim for any liability of an Insured under any oral or written contract or agreement, provided that this Exclusion (G) shall not apply to Loss to the extent that an Insured would have been liable in the absence of such contract or agreement;*

True and accurate copies of the letters from Federal to Trustee dated April 27, 2017 are attached hereto as **Exhibit 11**.

The letter denying coverage relating to the Stop Loss Claim in included the following language: "Since the Claim involves violation of contracted authority in the settlement of a client's lien the above provision bars coverage for the Local 501 Claim." As this language appeared to relate to the TPL Claim, and not the Stop Loss Claim, on May 24, 2017, counsel for Security Fund forwarded a letter to Federal regarding the apparent defect. A true and accurate copy of the aforementioned letter is attached hereto as **Exhibit 12**.

A lawsuit for based on ATPA's negligent handling of the Stop Loss and TPL Claims will be filed against ATPA in the Superior Court of the State California, Alameda County as a result of ATPA's failure to fulfill its professional and contractual obligations to the Security Fund. BPA will be named as a co-defendant with respect to the Stop Loss Claim only.

The parties hereto believe Federal's rejection of coverage under the Errors and Omissions Policy is an unreasonable interpretation and application of the contract exclusion clause of the Policy. A provision in a liability insurance policy excluding coverage for liabilities assumed under any contract, such as is contained in the Federal Errors and Omissions Policy, includes promises to indemnify or hold harmless a third party, but does not exclude liability resulting from a breach of contract. Federal's refusal to extend coverage from the Stop Loss and TPL Claims is a breach of Federal's obligations to ATPA under the Errors & Omissions Policy aforesaid, including without limitation its implied covenant of good faith and fair dealing in respect to settling claims against ATPA within the available policy limits so as to avoid the risk of personal liability.

To facilitate the purposes of this Agreement, Trustee agrees (a) to provide Security Fund with copies of all documents and correspondence between Security Fund and Federal relating to the claim involved in the above-described litigation; (b) to waive the attorney-client privilege with the attorney provided by Federal to defend ATPA in said litigation, and to provide copies of all correspondence to and from said attorney; and (c) to provide Security Fund, upon request, with all documents and information relevant to prosecution of the claims described in Paragraph (A), above.

It is in the mutual interests of the parties hereto to transfer their rights and to assume obligations to each other as hereinafter provided.

3

-13-

NOW, THEREFORE, THE PARTIES AGREE AS FOLLOWS:

Security Fund retains the right to litigate the above-described civil action against ATPA through trial to determine the amount of damages, if any, to which it is entitled against ATPA. However, nothing in this Agreement obligates Security Fund to do so, nor precludes settling the Security Fund's claims hereafter with Federal.

In the event the Security Fund obtains a judgment against ATPA, in consideration of the undertakings by Security Fund in this Agreement, SECURITY FUND HEREBY COVENANTS AND AGREES NOT TO CAUSE LEVY OF WRIT OF EXECUTION upon such judgment against any asset or property of the ATPA Bankruptcy Estate.

Security Fund further agrees not to file such judgment for recordation in any recorder's office or in the office of the Secretary of State, so that it shall not appear as a lien of record against any real or personal property interest of ATPA's Bankruptcy Estate.

Security Fund further agrees to execute any additional documents reasonably required by Trustee from time to time hereafter to reflect the fact that any such judgment obtained by Security Fund shall not be enforceable against the assets or property of ATPA's Bankruptcy Estate. Security Fund seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the property of ATPA of the ATPA's Bankruptcy Estate.

In consideration of Security Funds covenants and undertakings hereunder, TRUSTEE HEREBY ASSIGNS AND TRANSFERS TO SECURITY FUND all claims and causes of action Trustee may now have or hereafter acquire against Federal based on Federal's failure and refusal to admit that coverage exists for Security Fund's claims referenced above, including but not limited to breach of contract, breach of duty to defend and breach of the covenant of good faith and fair dealing..

Any lawsuit or proceeding to enforce the rights assigned to Security Fund shall be instituted and maintained by Security Fund in his own name and at his own expense. Trustee agrees to testify in said action to the facts recited above, and further agrees to execute any additional documentation reasonably required by Trustee to evidence, establish or enforce the rights assigned hereby. Trustee agrees to accept service of process of the Complaint and execute a Notice of Acknowledgment of Reciept Civil

Security Fund accepts the aforesaid assignment with the understanding that Trustee makes no warranty or representation as to the validity of the claims or causes of action against Federal; and with the further understanding that the invalidity of such claims or causes of action shall not affect Security Fund's covenants and obligations under this Agreement.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT THIS _____ DAY OF JUNE, _____, AT LOS ANGELES, CALIFORNIA.

| | |
|---|---|
| /s/ | /s/ |
| Operating Engineers Local 501 Security Fund | Richard K. Diamond, Trustee for the Estate of Associated Third Party Administrators |
| /s/ | |
| | |
| APPROVED BY: | APPROVED BY: |
| /s/ | /s/ |
| ATTORNEY FOR | ATTORNEY FOR |
| Operating Engineers Local 501 Security Fund | Richard K. Diamond, Trustee for Estate of Associated Third Party Administrators |

DOCSNT\OPST501SF\142670\917590.v1-6/5/17