*In re Associated Third Party Administrator*
**Central District of California (Los Angeles)**
**Lead Case No. 2:16-bk-23679-SK**
**(Jointly Administrated with:  Case No. 2: 16-bk-23682-SK)**

# EXHIBIT 3
## To Declaration of Mainguy in Support of Operating Engineers Local 501 Security Fund's Motion to Compel Abandonment of Claims Against Insurer

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Linda Baldwin Jones, Bar No. 178922; Lisl R. Soto, Bar No. 261875 <br> Roberta D. Perkins, Bar No. 153074 <br> Weinberg, Roger & Rosenfeld <br> 1001 Marina Village Parkway, Suite 200, Alameda, CA 94501 <br> TELEPHONE NO.: (510) 337-1001    FAX NO.: (510) 337-1023 <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME: Pomona Courthouse South

CASE NAME: Operating Engineers Local 501 Security Fund v. Benefit Programs Administration, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited <br> (Amount    (Amount <br> demanded    demanded is <br> exceeds $25,000)    $25,000 or less) | ☐ Counter    ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*: Six
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 5, 2017
Linda Baldwin Jones
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BENEFIT PROGRAMS ADMINISTRATION; MANAGEMENT APPLIED PROGRAMING, INC.; ASSOCIATED THIRD PARTY DMINISTRATORS; and DOES 1 to 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
OPERATING ENGINEERS LOCAL 501 SECURITY FUND

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
400 Civic Center Plaza
Pomona, CA  91766

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Linda Baldwin Jones, Bar No. 178922, Lisl R. Soto, Bar No. 261875, Roberta D. Perkins, Bar No. 153074
Weinberg, Roger & Rosenfeld, 1001 Marina Village Parkway, Suite 200, Alameda, CA  94501; (510) 337-1001

| DATE: *(Fecha)* | Clerk, by *(Secretario)* _____ , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

-18-    Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

LINDA BALDWIN JONES, Bar No. 178922
LISL R. SOTO, Bar No. 261875
ROBERTA D. PERKINS, Bar No. 153074
Weinberg, Roger & Rosenfeld
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail: lbjones@unioncounsel.net
         lduncan@unioncounsel.net
         rperkins@unioncounsel.net

Attorneys for Plaintiff
OPERATING ENGINEERS LOCAL 501 SECURITY FUND

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 501 SECURITY FUND,<br><br>Plaintiff,<br><br>v.<br><br>BENEFIT PROGRAMS ADMINISTRATION; MANAGEMENT APPLIED PROGRAMMING, INC.; ASSOCIATED THIRD PARTY ADMINISTRATORS; and DOES 1 to 25, inclusive,<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>Demand for Jury Trial |

**PARTIES**

1.      At all times mentioned, Plaintiff Operating Engineers Local 501 Security Fund ("Trust Fund") was and is now an employee benefit plan created by written Trust Agreement, and a multi- employee benefit plan within the meaning of Sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002 and 1003.  The Trust Fund maintains its primary place of business in West Covina, Los Angeles County, California, and provides services to participants and beneficiaries in Southern California and Southern Nevada.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1
COMPLAINT

-19-

2. Plaintiff is informed and believes and on that basis alleges that at all times mentioned, Defendant Benefit Program Administration ("BPA") was a division of Management Applied Programming Inc., and was doing business in Los Angeles, Los Angeles County, California. At all times between March 1, 2011 and January 31, 2015, BPA was a third party administrator providing benefit administration services to the Trust Fund pursuant to a written administrative services contract ("BPA Service Agreement").

3. Plaintiff is informed and believes and on that basis alleges Defendant Management Applied Programming, Inc. ("MAP") was and is now a California corporation in good standing with its main place of business in City of Industry, Los Angeles County, California. Plaintiff is further informed and believes that MAP, through Defendant BPA, provides services for, among other things, health, pension, and benefits administration.

4. At all times between March 1, 2011 and January 31, 2015, MPA, acting through its division BPA, provided benefit administration services to the Trust Fund pursuant to the written BPA Service Agreement.

5. At all times mentioned, Defendant Associated Third Party Administrators ("ATPA") was a third party administrator providing benefit administration services to the Trust Fund pursuant to a written administrative services agreement in effect from February 1, 2015 ("ATPA Service Agreement"). ATPA continued to act as the Trust Fund's administrator until April 1, 2016.

6. On or about October 17, 2016, ATPA filed for bankruptcy. On or around June 14, 2017, the Trust Fund petitioned for and received relief from the automatic stay imposed by 11 U.S.C. § 362(a) to proceed with this action against ATPA. A true and correct copy of the Order granting relief from automatic stay is attached hereto as Exhibit 1 and incorporated herein by reference.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 25, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein by

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
COMPLAINT

-20-

fictitious name is in some manner responsible for the events and happenings herein referred to, and caused damages proximately and foreseeable thereby to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to state the true names and capacities of the DOE Defendants when such information has been ascertained.

8. Plaintiff is informed and believes and on that basis alleges that at all times mentioned, each and every Defendant was the agent, servant, employee, partner or joint venturer of the other Defendants and that at all said times mentioned, Defendants, and each of them, acted within the course and scope of their agency, service, employment, partnership and joint venture, and each co-Defendant having ratified the acts and conduct of the other.

9. Unless otherwise specified, each and every reference to Defendants, or any of them, is intended to be and shall be a reference to all Defendants, including the Defendants named herein as DOES 1 through 25, inclusive.

## JURISDICTION AND VENUE

10. Jurisdiction in this Court is proper in that the contract was entered into and services were to be provided at various locations in Southern California, including in Los Angeles County.

11. Venue in this Court is proper in that Plaintiff's damages are in excess of the minimum jurisdictional limits.

## FACTS

12. At all times mentioned, the Trust Fund maintained a stop loss policy of insurance issued by Ullico, which provided reimbursement of benefits paid by the Trust Fund once benefits payments to or on behalf of a plan participant or beneficiary reached a specific, predetermined level or attachment point ("Stop Loss Policy"). Once the attachment point is reached and notice given to the carrier, the Stop Loss Policy takes effect and reimburses the Trust Fund for benefits paid in excess of the attachment point. At all times mentioned the Trust Fund's attachment point under the Stop Loss Policy was $275,000.00.

13. At all times mentioned the Stop Loss Policy imposed certain reporting and notice requirements. For an individual claimant, notice is required to be given at the earliest of:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3
COMPLAINT

-21-

1  (a) attaining 50% of the specified deductible i.e., the attachment point, or $100,000, whichever is

2  less; (b) the claimant being identified with a condition or diagnosis in the Trigger Diagnosis

3  Listing; or (c) the claimant has been identified through pre-certification of a hospital confinement

4  or other matter with a potentially catastrophic diagnosis or is expected to be under large case

5  management, as those terms are defined in the Stop Loss Policy.

6      14.    The Stop Loss Policy requires that claims be reported within ninety (90) days after

7  the plan sponsor pays eligible expenses on behalf of the covered claimant after reaching the

8  attachment point, and in no event no later than one (1) year after the proof of loss should have

9  been submitted.

10      15.    At all times mentioned, Defendants BPA, MAP, and ATPA, and each of them, had

11  an obligation as part of providing benefits administration services to the Trust Fund to timely

12  provide all notices and reports required to be made under the Stop Loss Policy.

13      16.    At all times mentioned, Defendants BPA, MAP, and ATPA, were each aware of

14  the existence of the Stop Loss Policy and the notice and reporting obligations imposed

15  thereunder.

16      17.    At all times mentioned, dependent children of a participant in the Trust Fund were

17  covered dependents. In or around January 2014, a dependent child of a Trust Fund participant

18  was diagnosed with a medical condition that was chronic in nature, and required extensive on-

19  going treatment, hospitalization, case management and/or high cost medications ("Dependent

20  Child Claim"). The dependent child's medical condition was specifically listed in the Stop Loss

21  Policy's Trigger Diagnosis and Potential Catastrophic Case List.

22      18.    At all times mentioned, the prescription medication costs for the dependent child

23  were extraordinary and exceeded the cost of hospitalization and treatment expenses.

### FIRST CAUSE OF ACTION
### (Breach of Contract—BPA and MAP)

26      19.    Plaintiff refers to paragraphs 1 through 4 and 7 through 18, inclusive, and by such

27  reference incorporates them herein as through fully set forth.

28  ///

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

-22-

COMPLAINT

20. At all times prior to February 1, 2015, Defendants MAP and BPA were obligated, pursuant to the terms of the BPA Service Agreement, to monitor, provide notice, and report potential claims as required under the Stop Loss Policy to the Stop Loss carrier on behalf of the Trust Fund.

21. The Stop Loss Policy TPA Administrative Guide instructs third party administrators, such as BPA and MAP, to give immediate notification when a covered employee or participant has been diagnosed with a condition listed on the Trigger Diagnosis and Potential Catastrophic Case List.

22. Despite such instruction, and despite the dependent child having been diagnosed in January 2014 with a serious, chronic medical condition listed on the Trigger Diagnosis and Potential Catastrophic Case List, BPA and MAP failed to give notice to the Stop Loss carrier that the Dependent Child Claim involved a dependent who had been diagnosed with a condition listed on the Trigger Diagnosis and Potential Catastrophic Case List, as required under the Stop Loss Policy.

23. Although it acknowledged the exorbitant expense of the prescription medication for the dependent child, BPA and MAP failed to include the cost of prescription medication when monitoring the total benefits paid on the Dependent Child Claim.

24. Had BPA and MAP properly monitored and included the cost of prescription medication in calculating the benefits paid on the Dependent Child Claim, they would have known the claim reached the attachment point specified in the Stop Loss Policy on or around March 31, 2014. Under the Stop Loss Policy reporting requirements, the latest the Dependent Child Claim could have been reported to the Stop Loss carrier was March 31, 2015.

25. BPA and MAP breached the BPA Service Agreement when they failed to properly monitor and calculate the benefits paid on the Dependent Child Claim, failed to properly determine the attachment point for the claim, and failed to timely report the Dependent Child Claim under the Stop Loss Policy to the Stop Loss carrier. As hereafter alleged, the subsequently reported Dependent Child Claim was denied by the Stop Loss carrier as being untimely reported.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
COMPLAINT

-23-

26. The Trust Fund did not learn of BPA and MAP's failure to include prescription medication costs when calculating the benefits paid on the Dependent Child Claim until approximately April 2016.

27. As a direct and proximate result of BPA's and MAP's failure to include prescription medication costs in its calculation of benefits paid, the failure to properly determine the attachment point, and the failure to report the Dependent Child Claim once it reached the attachment point, the Trust Fund has sustained a loss of approximately $1.3 million, consisting of benefits paid for claims submitted for the care and treatment of the dependent child, that would otherwise have been reimbursed by the Stop Loss carrier under the Stop Loss Policy.

28. The Trust Fund is informed and believes and on that basis alleges it will continue to incur losses in the form of benefit payments for the dependent child as long as the dependent child's parent remains a participant in the plan.

Wherefore, the Trust Fund prays judgment as hereafter set forth.

## SECOND CAUSE OF ACTION
### (BPA and MAP—Negligence)

29. Plaintiff refers to paragraphs 1 through 4, and 7 through 28, inclusive, and by such reference incorporates them herein as though fully set forth.

30. As the Trust Fund's third party benefits administrator, BPA and MAP had a duty to act diligently in performing benefits administration services for and on behalf of the Trust Fund.

31. At all times mentioned, BPA and MAP breached their duties as a third party administrator in that BPA and MAP negligently and carelessly failed to review and comply with the notice requirements of the Stop Loss Policy and failed to give notice to the Stop Loss carrier of the Dependent Child Claim in or around January 2014, when the dependent child was diagnosed with a condition listed in the Stop Loss Policy's Trigger Diagnosis and Potential Catastrophic Case List.

32. At all times mentioned, BPA and MAP breached their duties as a third party administrator in that BPA and MAP negligently and carelessly failed to include prescription

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6    -24-
COMPLAINT

medication costs in calculating the benefits paid on the Dependent Child Claim and failed to properly determine the Claim reached the attachment point on or around March 31, 2014.

33. As a result of BPA's and MAP's breaches of their duty and the failure to review and comply with the reporting requirements of the Stop Loss Policy, the failure to properly calculate the benefits paid on the Dependent Child Claim, and the failure to properly determine when the attachment point was reached, BPA and MAP failed to report the Dependent Child Claim under the Stop Loss Policy on or around March 31, 2014, when it reached the attachment point.

34. As a direct and proximate result of BPA's and MAP's failure to include prescription medication costs in its calculation of benefits paid, and its failure to report the Dependent Child Claim to the Stop Loss carrier once it reached the attachment point, the Trust Fund has sustained a loss of approximately $1.3 million, consisting of benefits paid for claims submitted for the care and treatment of the dependent child, that would otherwise have been reimbursed by the Stop Loss carrier under the Stop Loss Policy.

35. The Trust Fund is informed and believes and on that basis alleges it will continue to incur losses in the form of benefit payments for the dependent child as long as the dependent child's parent remains a participant in the plan.

Wherefore, the Trust Fund prays judgment as hereafter set forth.

### THIRD CAUSE OF ACTION
**(Breach of Contract—ATPA/Stop Loss Claim)**

36. Plaintiff refers to paragraphs 1, and 5 through 18, inclusive, and by such reference incorporates them herein as though fully set forth.

37. At all times between February 1, 2015 and April 1, 2016, Defendant ATPA was obligated, pursuant to the terms of the ATPA Service Agreement, to monitor and report potential claims on behalf of the Trust Fund, as required by the Stop Loss Policy.

38. As of February 1, 2015, ATPA had all information from BPA and MAP necessary to review, assess, and monitor potential claims under the Stop Loss Policy, including the Dependent Child Claim.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7                -25-
COMPLAINT

39. As of February 1, 2015, APTA knew or should have known that the Dependent Child Claim reached the attachment point specified in the Stop Loss Policy on or around March 31, 2014.

40. As of February 1, 2015, ATPA knew or should have known that under the Stop Loss Policy reporting requirements, the Dependent Child Claim should have been reported by March 31, 2015, at the latest.

41. ATPA failed to timely report the Dependent Child Claim under the Stop Loss Policy. Instead, ATPA reported the claim in approximately November or December 2015.

42. The Dependent Child Claim was denied by the Stop Loss carrier in January 2016 as untimely reported under the Stop Loss Policy. The Stop Loss carrier affirmed its initial decision in August 2016, following a review requested by the Trust Fund.

43. ATPA breached its obligations under the ATPA Service Agreement by failing to review, assess, monitor, and timely report the Dependent Child Claim under the Stop Loss Policy.

44. As a direct and proximate result of ATPA's failure to timely report the Dependent Child Claim under the Stop Loss Policy, the Trust Fund has sustained a loss of approximately $1.3 million, consisting of benefits paid for claims submitted for the care and treatment of the dependent child that would otherwise have been reimbursed by the Stop Loss carrier under the Stop Loss Policy.

45. The Trust Fund is informed and believes and on that basis alleges it will continue to incur losses in the form of benefit payments for the dependent child as long as the dependent child's parent remains a participant in the plan.

Wherefore, the Trust Fund prays judgment as hereafter set forth.

**FOURTH CAUSE OF ACTION**
**(Negligence—ATPA/Stop Loss Claim)**

46. Plaintiff refers to paragraphs 36 through 42, inclusive, and by such reference incorporates them herein as though fully set forth.

47. As the Trust Fund's third party benefits administrator, ATPA had a duty to act diligently in performing benefits administration service for and on behalf of the Trust Fund.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8
COMPLAINT
-26-

48. ATPA breached its duty to the Trust Fund when it negligently and carelessly failed to review, assess, and monitor potential claims under the Stop Loss Policy, including the Dependent Child Claim.

49. ATPA breached its duty to the Trust Fund when it negligently and carelessly failed to determine that the Dependent Child Claim had reached the attachment point on or around March 31, 2014.

50. ATPA breached its duty to the Trust Fund when it negligently and carelessly failed to timely report the Dependent Child Claim to the Stop Loss carrier as required under the terms of the Stop Loss Policy.

51. As a direct and proximate result of ATPA's breach of duty, the Trust Fund has sustained a loss of approximately $1.3 million, consisting of benefits paid for claims submitted for the care and treatment of the dependent child that would otherwise have been reimbursed under the Stop Loss Policy.

52. The Trust Fund is informed and believes and on that basis alleges it will continue to incur losses in the form of benefit payments for the dependent child as long as the dependent child's parent remains a participant in the plan.

Wherefore, the Trust Fund prays judgment as hereafter set forth.

## FIFTH CAUSE OF ACTION
### (Breach of Contract—ATPA/TPL Claim)

53. Plaintiff refers to paragraphs 1, and 5 through 11, inclusive, and by such reference incorporates them herein as though fully set forth.

54. At all times mentioned, the Trust Fund asserted liens for the recovery of benefits paid to plan participants and beneficiaries as a result of the wrongful acts and liability of a third party.

55. Under the ATPA Service Agreement, ATPA was required to negotiate Trust Fund liens in third party liability actions in accord with the Trust Fund's Third Party Lien Reduction Policy ("TPL Reduction Policy").

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9                    -27-
COMPLAINT

56. Under the TPL Reduction Policy, ATPA was authorized to accept the lesser of two-thirds of the amount of the lien or one half of the participant's or beneficiary's net recovery in full satisfaction of a lien asserted by the Trust Fund. ATPA was required to submit any request for a reduction of the recoverable amounts or a complete waiver of a lien to the Trust Fund's Board of Trustees for final determination.

57. On or around December 2, 2015, ATPA compromised on a third party lien asserted by the Trust Fund in the amount of $86,877.44 for $5,000. Under the TPL Reduction Policy, ATPA was authorized to accept $33,051.24 in satisfaction of the lien, which was one-half of the participant's net recovery.

58. ATPA did not submit the request to compromise on the lien for $5,000 to the Board of Trustees prior to agreeing to accept the payment of $5,000 as full satisfaction for the lien.

59. ATPA breached the ATPA Service Agreement when it agreed to compromise on a lien for less than the amount specified in the TPL Reduction Policy and without obtaining authorization from the Board of Trustees to compromise on the lien for a lesser amount.

60. As a direct and proximate result of ATPA's breach of the ATPA Service Agreement, the Trust Fund sustained a loss of $28,051.24, the difference between the authorized compromise amount of $33,051.24, and the $5,000 paid.

Wherefore, the Trust Fund prays judgment as hereafter set forth.

**SIXTH CAUSE OF ACTION**
**(Negligence—ATPA/TPL Claim)**

61. Plaintiff refers to paragraphs 53 through 60, inclusive, and by such reference incorporates them herein as though fully set forth.

62. As the Trust Fund's third party benefits administrator, ATPA had a duty to act diligently in performing benefits administration service for and on behalf of the Trust Fund, including compromising liens.

///

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10    -28-
COMPLAINT

63. ATPA breached its duty to the Trust Fund when it negligently and carelessly agreed to compromise on a third party lien for an amount well below the threshold levels specified in the TPL Reduction Policy.

64. ATPA breached its duty to the Trust Fund when it negligently and carelessly failed to obtain the authorization of the Board of Trustees to compromise on a third party lien for an amount below the threshold levels specified in the TPL Reduction Policy.

65. As a direct and proximate result of ATPA's breach of the ATPA Service Agreement, the Trust Fund sustained a loss of $28,051.24, the difference between the authorized compromise amount of $33,051.24, and the $5,000 paid.

Wherefore, the Trust Fund prays judgment as hereafter set forth.

## PRAYER FOR RELIEF

The Trust Fund prays judgment against Defendants BPA, MAP, and ATPA, and each of them as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For interest at the legal rate on all amounts owed;
4. For attorney fees and costs incurred in this matter;
5. For such other relief as the Court deems just and proper.

Dated: October 5, 2017

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
LINDA BALDWIN JONES

Attorneys for Plaintiff OPERATING ENGINEERS LOCAL 501 SECURITY FUND

///
///
///
///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11
COMPLAINT
-29-

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands this matter be tried before a jury.

Dated: October 5, 2017

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
LINDA BALDWIN JONES

Attorneys for Plaintiff OPERATING ENGINEERS LOCAL 501 SECURITY FUND

142670\932687

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

12
COMPLAINT

-30-

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Linda Baldwin Jones, State Bar No. 178922<br>Tracy L. Mainguy, State Bar No. 176928<br>Weinberg Roger & Rosenfeld<br>1001 Marina Village Parkway, Suite 200<br>Alameda, CA 94501<br>Telephone: 510-337-1001<br>Facsimile: 510-337-1023<br>Email: bankruptcycourtnotices@unioncounsel.net<br>tmainguy@unioncounsel.net<br>LBJones@unioncounsel.net<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for* Operating Engineers Local 501 Security Fund | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**JUN 14 2017**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY may        DEPUTY CLERK** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re: ASSOCIATED THIR PARTY ADMINISTRATORS,<br><br>              Debtor and Debtor in Possession<br><br>In re: ALLIED FUND ADMINISTRATORS, LLC,<br><br>              Debtor and Debtor in Possession<br><br><br><br>                                                                 Debtor(s). | LEAD CASE NO.: 2:16-bk-23679-SK<br>Jointly Administered with Case No. 2:16-bk-23682-SK<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)**<br><br>DATE: 06/7/2017<br>TIME: 8:30 a.m.<br>COURTROOM: 1575<br>PLACE: Roybal Federal Building<br>255 E. Temple Street, Suite 1582<br>Los Angeles, CA 90012 |
|---|---|

**MOVANT:** Operating Engineers Local 501 Security Fund

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action: non-bankruptcy action has not been filed yet

   Docket number:

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 1                                          F 4001-1.RFS.NONBK.ORDER

31

DOCSNT\OPST501SF\142670\919010.v1-6/13/17

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit ____ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☒ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☒ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☐ Other (*specify*):

### 

Date: June 14, 2017

*Sandra R. Klein* (signature)
Sandra R. Klein
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014     Page 2     F 4001-1.RFS.NONBK.ORDER

32

DOCSNT\OPST501SF\142670\919010.v1-6/13/17