| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Linda Baldwin Jones, State Bar No. 178922<br>Tracy L. Mainguy, State Bar No. 176928<br>Weinberg Roger & Rosenfeld<br>1001 Marina Village Parkway, Suite 200<br>Alameda, CA 94501<br>Telephone: 510-337-1001<br>Facsimile: 510-337-1023<br>Email: bankruptcycourtnotices@unioncounsel.net<br>tmainguy@unioncounsel.net; lbjones@unioncounsel.net | |

☐ *Movant(s) appearing without an attorney*
☒ *Attorney for Movant(s)* Operating Engineers Local 501 Security Trust Fund

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>ASSOCIATED THIRD PARTY ADMINISTRATORS,<br>Debtor and Debtor in Possession | CASE NO.: 2:16-BK-23679-SK<br>CHAPTER: 7 |
|---|---|
| In re:<br>ALLIED FUND ADMINISTRATORS, LLC,<br>Debtor and Debtor in Possession | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 03/06/2018    Movant(s) filed a motion or application (Motion) entitled: _____

   Motion to Compel Abandonment of Claims Aganist Insurer [Docket 529] _____

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 03/06/2018    Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 17 days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.  Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 03/06/2018                    /s/ Tracy L. Mainguy_____
                                    Signature


                                    Tracy L. Mainguy_____
                                    Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                          Page 2                    F 9013-1.2.NO.REQUEST.HEARING.DEC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Weinberg Roger & Rosenfeld, 1001 Marina Village Parkway, Suite 200, Alameda, CA  94501

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/23/2018 ___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge    VIA OVERNIGHT MAIL

Honorable Sandra R. Klien
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1582
Los Angeles , CA  90012

For Chubb Insurance    VIA EMAIL

Frank White: frankwhite@chubb.com

Counsel for Benefit Programs Administration VIA EMAIL
Robert M. Anderson: robertanderson@wilsonelser.com

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/23/18 | J. L. Aranda | /s/ J. L. Aranda |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                               Page 3                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

**In re Associated Third Party Administrator**
**Central District of California (Los Angeles)**
**Lead Case No. 2:16-bk-23679-SK**
**Jointly Administered with: Case No. 2:16-bk-23682-SK**

The following is a list of **parties** who are being served by U. S. Mail:

| | |
|---|---|
| Robert B Miller<br>Kilmer, Voorhees & Laurick PC<br>732 NW 19th Ave<br>Portland, OR 97209 | Brutzkus Gubner Rozansky Seror Weber LLP<br>21650 Oxnard Street, Ste 500<br>Woodland Hills, CA 91367 |
| Bart Kessel<br>515 S Flower St<br>Forty-Second Fl<br>Los Angeles, CA 90071 | Shawn C. Groff<br>1330 Broadway, Suite 1450<br>Oakland, CA 94612 |
| D. Alexander Floum<br>The Williams Firm<br>1850 Mt. Diablo Boulevard, #340<br>Walnut Creek, CA 94596 | Russell J Reid<br>Reid McCarthy Ballew & Leahy LLP<br>100 West Harrison Street<br>N Tower, Suite 300<br>Seattle, WA 98119 |
| IBM Corporation<br>Attn: Marie-Josee Dube<br>275 Viger East<br>Montreal, Quebec H2X 3R7 Canada | |

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Todd M Arnold tma@lnbyb.com
- Catherine Arostegui carostegui@beesontayer.com, akenney@beesontayer.com
- Jessica L Bagdanov jbagdanov@bg.law, ecf@bg.law
- Ron Bender rb@lnbyb.com
- Stuart E Bernsen bernsen.stuart@pbgc.gov, efile@pbgc.gov
- Karl E Block kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com
- Jerrold L Bregman ecf@bg.law, jbregman@bg.law
- Lynn Brown notices@becket-lee.com
- Martin G Bunin , melanie.mizrahie@alston.com
- Martin G Bunin mbunin@farrellfritz.com, melanie.mizrahie@alston.com
- Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- Jennifer Witherell Crastz jcrastz@hemar-rousso.com
- Ronald Dean rdean@74erisa.com, rdean@igc.org
- Richard K Diamond (TR) RKDTrustee@dgdk.com, rdiamond@ecf.epiqsystems.com;
  DanningGill@Gmail.com
- Jonathan R Doolittle jdoolittle@reedsmith.com, renee-pelusi-2054@ecf.pacerpro.com;
  rpelusi@reedsmith.com;
  ashively@reedsmith.com; dkelley@reedsmith.com; bobmiller@kilmerlaw.com; cbroock@kilmerlaw.com;
- Jamie P Dreher jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Richard W Esterkin richard.esterkin@morganlewis.com, gloria.moonesinghe@morganlewis.com
- Edward M Fox emfox@seyfarth.com
- Luis A Garcia garcia.luis.a@dol.gov
- Bernard R Given bgiven@loeb.com, mortiz@loeb.com,ladocket@loeb.com
- Michael I Gottfried mgottfried@lgbfirm.com, srichmond@lgbfirm.com; emeza@lgbfirm.com;
  njanbay@lgbfirm.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- Mickee Hennessy mhennessy@westermanllp.com

**In re Associated Third Party Administrator**
**Central District of California (Los Angeles)**
**Lead Case No. 2:16-bk-23679-SK**
**Jointly Administered with: Case No. 2:16-bk-23682-SK**

- Jacqueline L James jlj@lnbyb.com
- Gary M Kaplan gkaplan@fbm.com
- Eve H Karasik ehk@lnbyb.com
- Howard Kollitz HKollitz@DGDK.Com, DanningGill@gmail.com;hkollitz@ecf.inforuptcy.com
- Jason B Komorsky ecf@bg.law, jkomorsky@bg.law
- Jeffrey S Kwong jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Dare Law dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov
- Allison R Lemeshewsky allison@MwcandAssociates.com, luisa@MwcandAssociates.com; jason@MwcandAssociates.com; mwccoast@aol.com
- Leib M Lerner leib.lerner@alston.com, autodockettest-lax@alston.com
- Elan S Levey elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Tracy L Mainguy bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- Thor D McLaughlin tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- Alan I Nahmias anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Melissa T Ngo ngo.melissa@pbgc.gov, efile@pbgc.gov
- Elaine Nguyen elaine@wsrlaw.net, vinnet@ecf.inforuptcy.com;elayna@wsrlaw.net
- Walter K Oetzell woetzell@dgdk.com, DanningGill@gmail.com;woetzell@ecf.inforuptcy.com
- Renee M Parker renee.parker@mtglawfirm.com, bknotice@earthlink.net
- George R Pitts gpitts@sandsanderson.com, tkearns@sandsanderson.com
- Kelly L Pope kpope@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Kurt Ramlo kr@lnbyb.com, kr@ecf.inforuptcy.com
- Russell H Rapoport rrapoport@mbnlawyers.com, aacosta@mbnlawyers.com
- Emily P Rich erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net;cak@blake-uhlig.com
- Lovee D Sarenas lovee.sarenas@lewisbrisbois.com
- Kenneth D Schnur kenneth.schnur@kts-law.com, anastasia.mogilevsky@kts-law.com
- Susan K Seflin sseflin@brutzkusgubner.com
- James R Selth jim@wsrlaw.net, jselth@yahoo.com;melissa@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Sonia Singh ss@dgdk.com, DanningGill@gmail.com,SSingh@ECF.Inforuptcy.com
- Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com
- Michele R Stafford mstafford@sjlawcorp.com, collections@sjlawcorp.com
- Nicholas Starkman nstarkman@wkclegal.com, syoung@wkclegal.com
- Nicola G Suglia nsuglia@fleischerlaw.com
- David A Tilem davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com; malissamurguia@tilemlaw.com; joanfidelson@tilemlaw.com; JoanFidelson@ecf.inforuptcy.com; MalissaMurguia@ecf.inforuptcy.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Aaron E de Leest aed@dgdk.com, DanningGill@gmail.com;adeleest@ecf.inforuptcy.com

# ATTACHMENT

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Linda Baldwin Jones, State Bar No. 178922<br>Tracy L. Mainguy, State Bar No. 176928<br>Weinberg Roger & Rosenfeld<br>1001 Marina Village Parkway, Suite 200<br>Alameda, CA 94501<br>Telephone: 510-337-1001 Facsimile: 510-337-1023<br>Email: bankruptcycourtnotices@unioncounsel.net<br>tmainguy@unioncounsel.net LBJones@unioncounsel.net | |
| ☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Operating Engineers Local 501 Security Fund | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>ASSOCIATED THIR PARTY ADMINISTRATORS,<br>Debtor and Debtor in Possession | CASE NO.: 2:16-BK-23679-SK<br>CHAPTER: 7 |
|---|---|
| In re:<br>ALLIED FUND ADMINISTRATORS, LLC,<br>Debtor and Debtor in Possession | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) <u>Operating Engineers Local 501 Security Fund</u>,
    filed a motion or application (Motion) entitled <u>Motion to Compel Abandonment of Claims Against Insurer</u>

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion. *(Check appropriate box below)*:
    ☒ The full Motion is attached to this notice; or
    ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

1

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1              F 9013-1.2.OPPORTUNITY.HEARING.NOTICE
957955

   a.   If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

   b.   If you fail to comply with this deadline:

      (1)   Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

      (2)   Movant will lodge an order that the court may use to grant the Motion; and

      (3)   The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]


Respectfully submitted,


Date:  03/05/2018                 /s/ Tracy L. Mainguy                            
                                       Signature of Movant or attorney for Movant
                                       Operating Engineers Local 501 Security Fund
                                       Tracy L. Mainguy, attorney for Movant        
                                       Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1  LINDA BALDWIN JONES, Bar No. 178922
   TRACY L. MAINGUY, Bar No. 176928
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501
4  Telephone  (510) 337-1001
   Fax  (510) 337-1023
5  E-Mail:  bankruptcycourtnotices@unioncounsel.net
             lbjones@unioncounsel.net
6            tmainguy@unioncounsel.net

7  Attorneys for Creditor
   Operating Engineers Local 501 Security Fund
8
                    UNITED STATES BANKRUPTCY COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                        (LOS ANGELES DIVISION)
11

12  | In Re | Lead Case No. 2:16-BK-23679-SK |
    |---|---|
13  | Associated Third Party Administrators, | Jointly administered with: Case No. 2:16-bk-23682-SK |
14  | Debtor. | CHAPTER 11 Cases |
15  | In Re | **OPERATING ENGINEERS LOCAL 501 SECURITY FUND'S MOTION TO COMPEL ABANDONMENT OF CLAIMS AGAINST INSURER** |
16  | Allied Fund Administrators, LLC, | |
17  | Debtor and Debtor in Possession. | |
18  | ☐ Affects Both Debtors | Judge:     Hon. Sandra R. Klein |
19  | ☑ Affects Associated Third Party Administrators Only | |
20  | | |
21  | ☐ Affects Allied Fund Administrators, LLC Only | |
22  | | |

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

                                        -3-

                                         1

1    Operating Engineers Local 501 Security Fund ("Security Fund"), by and through their

2    counsel do hereby seek an order of the court compelling the Chapter 7 Trustee to abandon to the

3    Estate's claims against Chubb[1] ("Chubb" and/or "Insurer") for breach of contract and failure to

4    defend based upon Chubb's denial of coverage for the claims submitted by the Security Fund,

5    claim numbers 394374 and 391409 made under Policy Number 8246-1111 issued to the Debtor

6    Associated Third Party Administrators ("Policy").

7    This motion is brought pursuant to 11 U.S.C. §554; Fed. R. Bank. P 6007, and

8    LBR 6007-1, which provides that "[a]n order compelling the case trustee or debtor in possession

9    to abandon property of the estate may be obtained upon motion of a party in interest after notice

10    of opportunity to request a hearing pursuant to LBR 9013-1(o). Such notice is being served

11    concurrently with the filing of this motion.

12    The basis of the motion is that Security Fund obtained relief from stay to pursue the

13    proceeds of the Policy to pay the liability owed to Security Fund by Associated Third Party

14    Administrators ("ATPA") based upon ATPA's breaches of contract and negligence. Suit was

15    filed against ATPA in the Superior Court for the State of California, County of Los Angeles

16    ("Non-bankruptcy Action"). Default against ATPA was entered in the Non-bankruptcy action.

17    However, Chubb denied coverage of the claims for the liability of ATPA. Because the Estate, not

18    the Security Fund owns the claims against Chubb relating to denial of Security Fund's claims

19    against the Policy, Security Fund is seeking abandonment of the Estate's claims which would be

20    burdensome for the Trustee to pursue and are of inconsequential value to the Estate, given that the

21    proceeds of the policy, if such claims are successful, would be paid to Security Fund, who waived

22    any deficiency claim against the Estate. Thus, the Court should compel the Trustee to abandon

23    the claims against Chubb to the Security Fund under 554(b) of the Bankruptcy Code.

## I.    **RELEVANT FACTS**

25    Security Fund is a multi-employer employee benefit plan created for the purpose of

26    administering the Health and Welfare Plan, which provides Health and Welfare benefits to IUOE

27    Stationary Engineers Local 501 members. ATPA entered a contract with Security Fund under

---

[1] The Policy was written by Federal Insurance Company.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

-4-

Operating Engineers Local 501 Security Fund's Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

1  which it acted as its Third Party Administrator. ATPA negligently handled two matters which it

2  was engaged to administer under the contract. Consequently, Security Fund filed two claims

3  (Numbers 394374 and 391409) against ATPA's Errors and Omissions Policy. The total amount

4  owed to the Security Fund for such insurance claims is approximately $1,161,145.24.

5       Chubb issued a Chubb Professional Portfolio Policy which includes a Miscellaneous

6  Professional and Technology Services Liability Coverage Part bearing policy number 8246-1111,

7  to ATPA for the policy period starting November 11, 2015, through January 31, 2017.[2] The

8  Policy has a maximum limit of liability for each Claim or Related Claims of $10,000,000, subject

9  to the aggregates, terms, conditions and exclusions contained therein, including a $100,000

10  Retention.

11       Security Fund notified ATPA of the losses that it suffered as a result of the negligent acts

12  of its agents on October 24, 2016, and demanded reimbursement from ATPA for the monetary

13  losses that it suffered as a result of ATPA's negligent acts. However, at the time the demand was

14  made, the Security Fund was unaware that ATPA had already filed a petition for relief under

15  Chapter 11 of the Bankruptcy Code. Thereafter, on January 31, 2017, Security Fund notified

16  Chubb of the claims under the Policy. The Security Fund filed a Motion for Relief from

17  Automatic Stay to pursue an action in a non-bankruptcy forum in order to recover against the

18  Debtor's insurance policy for the negligent acts of ATPA on which the claims are based. (ECF

19  No. 436). The Court granted Security Fund Relief from Automatic Stay on June 14, 2017. (ECF

20  No. 459). The Court's Order Granting Relief from Stay provides that relief from automatic stay

21  to Security Fund is limited to collecting upon available insurance in accordance with non-

22  bankruptcy law. The Order further expressly states that Movant, *i.e.*, the Security Fund, expressly

23  waives any deficiency claim against the Debtor or the Debtor's estate.

24       After receiving relief from the automatic stay, Security Fund learned Chubb informed the

25  Chapter 7 Trustee that it denies that coverage exists for both of the claims based upon

26  Section III(G) of the Policy, which provides,

27

28  [2] See Declaration of Tracy L. Mainguy ¶8, Ex. 1.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

-5-

3

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

1    The Company shall not be liable for Loss on account of any Claim
2    for any liability of an Insured under any oral or written contract or
     agreement, provided that this Exclusion (G) shall not apply to Loss
3    to the extent that an Insured would have been liable in the absence
     of such contract or agreement;

4    Security Fund requested that the Chapter 7 Trustee assign its claims against Chubb for

5    breach of contract and wrongful failure to defend the Security Fund.  (Mainguy Decl. Ex. 2.)

6    However, Security Fund never received a response to its request from the Chapter 7 Trustee.

7    On October 5, 2017, Security Fund filed a Complaint in the Superior Court for

8    Los Angeles County against Associated Third Party Administrators for breach of contract and

9    negligence in relation to the acts of Associated Third Party Administrators for which the claims

10   against the Policy were made.  *Operating Engineers Local 501 v. Benefit Program*

11   *Administration, et al.,* Los Angeles Co. Superior Court No. KC069684.  (Mainguy Decl., Ex. 3.)

12   Associated Third Party Administrators did not respond to the Complaint.  Default was entered

13   against Associated Third Party Administrators on January 19, 2018.  (Mainguy Decl., Ex. 4.)

## II.    LEGAL ARGUMENT

### A.    THE CLAIMS FOR BREACH OF CONTRACT AND WRONGFUL FAILURE TO DEFEND ARE CLAIMS OF THE BANKRUPTCY ESTATE

Section 541 defines property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1).  *In re Folks,* 211 B.R. 378, 384 (9th Cir. BAP 1997).

Therefore, assets of the estate properly include any of the debtors' causes of actions. *Cusano v. Klein,* 264 F.3d 936, 945 (9th Cir.2001).[3]  Unscheduled claims pass to the trustee and

---

[3] See also *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 2313 n. 9, 76 L.Ed.2d 515 n. 9 (1983) (Citing to comments made in the House and Senate Reports on the Bankruptcy Code, "[t]he scope of this paragraph [§ 541(a)(1) ] is broad. It includes all kinds of property, including tangible or intangible property, causes of action (see Bankruptcy Act § 70a(6)), and all other forms of property currently specified in section 70a of the Bankruptcy Act. H.R.Rep. No. 95–595, p. 367 (1977); S.Rep. No. 95–989, p. 82 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5868, 6323."); *In re Moore,* 110 B.R. 924, 925–926 (Bankr.C.D.Cal.1990) (lender liability action by debtor against bank is estate property); *Gandy v. Peoples Bank and Trust Co.,* 224 B.R. 340, 345 (S.D.Miss.1998)(debtor's lawsuit, instituted after discharge, based on allegedly unlawful insurance premiums and interest in connection with a pre-bankruptcy loan, was estate property).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4                                                                           **-6-**

1     are not automatically abandoned.[4]  Abandonment cannot occur without notice to creditors and a

2     hearing.  *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 709 (9th Cir.1986).

3         Here, the Security Fund obtained relief from the automatic stay to pursue its claims

4     against the Policy for breach of contract and negligent handling of claims by ATPA as

5     administrator of the Security Fund.  The Security Fund filed suit against ATPA in state court to

6     pursue the claims for which it seeks recovery under ATPA's Policy.  However, Chubb denied the

7     claims under the Policy on the grounds the claims were not covered by the Policy.  More

8     specifically, Chubb stated that claims based upon contracts are not covered.  Chubb has not

9     defended ATPA in the Non-Bankruptcy Action.  Rather, a default was recently entered against

10     ATPA in the Non-bankruptcy Action.  Thus, in order for the Security Fund to pursue its claims

11     against the proceeds of Debtor's insurance policy, the Security Fund must additionally pursue a

12     claim against Chubb for breach of contract and/or wrongful failure to defend under the Policy.

13         However, the Security Fund does not own such claims.  The claims are property of the

14     Estate, notwithstanding that they have not been scheduled by the Trustee.  Therefore, the Security

15     Fund by way of this motion seeks an order abandoning the claim for breach of contract and

16     wrongful failure to defend so that the Security Fund can attempt recovery under the insurance

17     policy based upon the claims against the Debtor stated in the Non-bankruptcy Action.

18 **B.**      **THE CLAIMS ARE OF INCONSEQUENTIAL VALUE TO THE ESTATE;**
            **THEREFORE, THE COURT SHOULD COMPEL THE CHAPTER 7 TRUSTEE**
19             **TO ABANDON THEM TO SECURITY FUND**

20         Bankruptcy Code § 554(b) entitled "Abandonment of property of the estate" provides:

21            (b) On request of a party in interest and after notice and a hearing,
           the court may order the trustee to abandon any property of the
22            estate that is burdensome to the estate or that is of inconsequential
           value and benefit to the estate.
23

24     ───────────────
[4]  *See, e.g., Welsh v. Quabbin Timber, Inc.,* 199 B.R. 224, 229 (D.Mass.1996), even though the
25     estate is closed or the plan is confirmed. *Dixon v. First Family Financial Services,* 276 B.R. 173,
     181 (S.D.Miss.2002), abrogated on other grounds, *Reed v. Mississippi Farm Bureau Mut. Ins.*
26     *Co.,* 299 B.R. 804 (S.D.Miss.2003)("It is axiomatic that, without disclosure of property, it can be
     neither abandoned nor administered."); see also, *Tilley v. Anixter Inc.,* 332 B.R. 501, 508
27     (D.Conn.2005)(closure of an estate does not result in abandonment of unscheduled claim); *An–*
     *Tze Cheng v. K&S Diversified Investments, Inc.,* 308 B.R. 448, 459–60 (9th Cir. BAP 2004)
28     (trustee may reopen case to administer omitted asset); 11 U.S.C. § 554.   **-7-**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

1    Courts have recognized that in order for the third party claimant to pursue the Debtor's

2    claims for breach of contract or wrongful failure to defend, the creditor must either be assigned

3    the claims (with notice and a hearing noticed to creditors approved by the bankruptcy court) or

4    the claims must be abandoned by the Trustee. *Crum v. Tomlinson (In re Hattic),* 413 B.R. 733,

5    753 (D. Montana 2009).

6    Here, the Security Fund sought an assignment of the claims by the Trustee. The Trustee

7    failed to respond to the requests for an assignment. (Mainguy Decl., ¶9.) The Motion for Relief

8    from Stay expressly states that the relief under the automatic stay is limited to any available

9    insurance in accordance with applicable non-bankruptcy law, and additionally, that movant

10    expressly waives any deficiency claim or other claim against the Debtor or Debtor's Estate.

11    The claims against the Insurer are of inconsequential value to the Estate, since they relate

12    to payment of the third party claims covered by insurance for which Debtor will not be liable.

13    The Security Fund is pursuing these claims at its own expense. Since the Security Fund waived

14    its deficiency claim against the Debtor and Debtor's Estate, litigating the claims against Chubb to

15    secure coverage under the Policy for Security Fund's claims against the Policy would be

16    burdensome. Furthermore, the claims will not result in a recovery for creditors, but would benefit

17    only Security Fund. The Trustee may expect coverage under the Policy, but does not have a right

18    to the proceeds of the Policy. *Id.* at 754. Moreover, if Security Fund is successful in getting its

19    claims under the Policy paid by pursuing the abandoned claims for breach of contract and

20    wrongful failure to defend against Chubb, it will benefit the other creditors by eliminating a large

21    claim filed by Security Fund in the bankruptcy estate. As such, the claims are of inconsequential

22    value to the Estate. *In re Christian*, 2012 Banker. LEXIS 4769 *9-11, 2012 WL 4830473 (Bankr.

23    D. Idaho 2012).

24    Accordingly, the Court should grant the Security Fund's motion and order that the

25    Estate's claims against Chubb for breach of contract and wrongful failure to defend are

26    abandoned to the Security Fund so that the Security Fund can pursue the insurance proceeds to

27    collect any default judgment that may be entered in the Non-Bankruptcy Action.

28

-8-

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

### III.    CONCLUSION

For the above stated reasons, the Estate's claims against Chubb for breach of contract and

failure to defend are abandoned to the Security Fund.

Dated:  March 5, 2018                       WEINBERG, ROGER & ROSENFELD
                                            A Professional Corporation


                                            /s/  Tracy L. Mainguy
                                     By:    Tracy L. Mainguy
                                            Attorneys for Creditor
                                            Operating Engineers Local 501 Security Fund

142670\957909

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

                                            7                                          -9-

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

Case 2:16-bk-23679-SK    Doc 528    Filed 03/06/18    Entered 03/06/18 12:57:57    Desc
                              Main Document      Page 10 of 13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Weinberg, Roger & Rosenfeld, 1001 Marina Village Parkway, Suite 200, Alameda, CA  94501

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 03/06/2018   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

&#x2612;  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 03/06/2018   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

&#x2612;  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 03/06/2018   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
 Honorable Sandra R. Klein
U. S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1582
Los Angeles, CA  90012

&#x2612;  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/06/2018 | J. L. ARANDA | /s/ J. L. Aranda |
|---|---|---|
| Date | Printed Name | Signature |

-10-

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 3              F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

Case 2:16-bk-23679-SK    Doc 528    Filed 03/06/18    Entered 03/06/18 12:57:57    Desc
Main Document    Page 11 of 13

**In re Associated Third Party Administrator**
**Central District of California (Los Angeles)**
**Lead Case No. 2:16-bk-23679-SK**
**Jointly Administered with: Case No. 2:16-bk-23682-SK**

The following is a list of **parties** who are being served by U. S. Mail:

| | |
|---|---|
| Robert B Miller<br>Kilmer, Voorhees & Laurick PC<br>732 NW 19th Ave<br>Portland, OR 97209 | Brutzkus Gubner Rozansky Seror Weber LLP<br>21650 Oxnard Street, Ste 500<br>Woodland Hills, CA 91367 |
| Bart Kessel<br>515 S Flower St<br>Forty-Second Fl<br>Los Angeles, CA 90071 | American Express Travel Related Services<br>Company, Inc.<br>c/o Becket & Lee LLP<br>P. O. Box 3001<br>Malvern  PA  19355-0701 |
| D. Alexander Floum<br>The Williams Firm<br>1850 Mt. Diablo Boulevard, #340<br>Walnut Creek, CA  94596 | Shawn C. Groff<br>1330 Broadway, Suite 1450<br>Oakland, CA  94612 |
| IBM Corporation<br>Attn:  Marie-Josee Dube<br>275 Viger East<br>Montreal, Quebec  H2X 3R7 Canada | Russell J Reid<br>Reid McCarthy Ballew & Leahy LLP<br>100 West Harrison Street<br>N Tower, Suite 300<br>Seattle, WA  98119 |
| Operating Engineers Local 501 Security Fund<br>c/o Cornwell & Baldwin<br>1017 East Grand Avenue<br>Escondido  CA  92025 | |

The following is a list of **parties** who are being served via email:

For Chubb Insurance    Frank White¨ frankwhite@chubb.com

Counsel for Benefit Programs Administration    Robert M. Anderson:  robertanderson@wilsonelser.com


The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Todd M Arnold tma@lnbyb.com
- Catherine Arostegui carostegui@beesontayer.com, akenney@beesontayer.com
- Jessica L Bagdanov jbagdanov@bg.law, ecf@bg.law
- Ron Bender rb@lnbyb.com
- Stuart E Bernsen bernsen.stuart@pbgc.gov, efile@pbgc.gov
- Karl E Block kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com
- Jerrold L Bregman ecf@bg.law, jbregman@bg.law
- Lynn Brown notices@becket-lee.com
- Martin G Bunin , melanie.mizrahie@alston.com
- Martin G Bunin mbunin@farrellfritz.com, melanie.mizrahie@alston.com
- Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- Jennifer Witherell Crastz jcrastz@hemar-rousso.com
- Ronald Dean rdean@74erisa.com, rdean@igc.org

-11-

**In re Associated Third Party Administrator**
**Central District of California (Los Angeles)**
**Lead Case No. 2:16-bk-23679-SK**
**Jointly Administered with: Case No. 2:16-bk-23682-SK**

- Richard K Diamond (TR) RKDTrustee@dgdk.com, rdiamond@ecf.epiqsystems.com; DanningGill@Gmail.com
- Jonathan R Doolittle jdoolittle@reedsmith.com, renee-pelusi-2054@ecf.pacerpro.com; rpelusi@reedsmith.com; ashively@reedsmith.com; dkelley@reedsmith.com; bobmiller@kilmerlaw.com; cbroock@kilmerlaw.com;
- Jamie P Dreher jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Richard W Esterkin richard.esterkin@morganlewis.com, gloria.mooneisinghe@morganlewis.com
- Edward M Fox emfox@seyfarth.com
- Luis A Garcia garcia.luis.a@dol.gov
- Bernard R Given bgiven@loeb.com, mortiz@loeb.com,ladocket@loeb.com
- Michael I Gottfried mgottfried@lgbfirm.com, srichmond@lgbfirm.com; emeza@lgbfirm.com; njanbay@lgbfirm.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- Mickee Hennessy mhennessy@westermanllp.com
- Jacqueline L James jlj@lnbyb.com
- Gary M Kaplan gkaplan@fbm.com
- Eve H Karasik ehk@lnbyb.com
- Howard Kollitz HKollitz@DGDK.Com, DanningGill@gmail.com;hkollitz@ecf.inforuptcy.com
- Jason B Komorsky ecf@bg.law, jkomorsky@bg.law
- Jeffrey S Kwong jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Dare Law dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov
- Allison R Lemeshewsky allison@MwcandAssociates.com, luisa@MwcandAssociates.com; jason@MwcandAssociates.com; mwccoast@aol.com
- Leib M Lerner leib.lerner@alston.com, autodockettest-lax@alston.com
- Elan S Levey elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Tracy L Mainguy bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- Thor D McLaughlin tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- Alan I Nahmias anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Melissa T Ngo ngo.melissa@pbgc.gov, efile@pbgc.gov
- Elaine Nguyen elaine@wsrlaw.net, vinnet@ecf.inforuptcy.com;elayna@wsrlaw.net
- Walter K Oetzell woetzell@dgdk.com, DanningGill@gmail.com;woetzell@ecf.inforuptcy.com
- Renee M Parker renee.parker@mtglawfirm.com, bknotice@earthlink.net
- George R Pitts gpitts@sandsanderson.com, tkearns@sandsanderson.com
- Kelly L Pope kpope@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Kurt Ramlo kr@lnbyb.com, kr@ecf.inforuptcy.com
- Russell H Rapoport rrapoport@mbnlawyers.com, aacosta@mbnlawyers.com
- Emily P Rich erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net;cak@blake-uhlig.com
- Lovee D Sarenas lovee.sarenas@lewisbrisbois.com
- Kenneth D Schnur kenneth.schnur@kts-law.com, anastasia.mogilevsky@kts-law.com
- Susan K Seflin sseflin@brutzkusgubner.com
- James R Selth jim@wsrlaw.net, jselth@yahoo.com;melissa@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Sonia Singh ss@dgdk.com, DanningGill@gmail.com,SSingh@ECF.Inforuptcy.com
- Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com
- Michele R Stafford mstafford@sjlawcorp.com, collections@sjlawcorp.com
- Nicholas Starkman nstarkman@wkclegal.com, syoung@wkclegal.com
- Nicola G Suglia nsuglia@fleischerlaw.com
- David A Tilem davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com; malissamurguia@tilemlaw.com; joanfidelson@tilemlaw.com; JoanFidelson@ecf.inforuptcy.com; MalissaMurguia@ecf.inforuptcy.com

-12-

5

Case 2:16-bk-23679-SK    Doc 528    Filed 03/06/18    Entered 03/06/18 12:57:57    Desc
Main Document    Page 13 of 13

**In re Associated Third Party Administrator**
**Central District of California (Los Angeles)**
**Lead Case No. 2:16-bk-23679-SK**
**Jointly Administered with: Case No. 2:16-bk-23682-SK**

- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Aaron E de Leest aed@dgdk.com, DanningGill@gmail.com;adeleest@ecf.inforuptcy.com

-13-

6

1    LINDA BALDWIN JONES, Bar No. 178922
     TRACY L. MAINGUY, Bar No. 176928
2    WEINBERG, ROGER & ROSENFELD
     A Professional Corporation
3    1001 Marina Village Parkway, Suite 200
     Alameda, California 94501
4    Telephone  (510) 337-1001
     Fax  (510) 337-1023
5    E-Mail:  bankruptcycourtnotices@unioncounsel.net
               lbjones@unioncounsel.net
6              tmainguy@unioncounsel.net

7    Attorneys for Creditor
     Operating Engineers Local 501 Security Fund
8
                    UNITED STATES BANKRUPTCY COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                       (LOS ANGELES DIVISION)
11

| | |
|---|---|
| 12  In Re | Lead Case No. 2:16-BK-23679-SK |
| 13  Associated Third Party Administrators, | Jointly administered with:<br>Case No. 2:16-bk-23682-SK |
| 14        Debtor. | CHAPTER 11 Cases |
| 15 | |
| 16  In Re | **OPERATING ENGINEERS LOCAL 501 SECURITY FUND'S MOTION TO COMPEL ABANDONMENT OF CLAIMS AGAINST INSURER** |
| 17  Allied Fund Administrators, LLC, | |
|           Debtor and Debtor in Possession. | |
| 18 | |
| 19  ☐  Affects Both Debtors | Judge:      Hon. Sandra R. Klein |
| 20  ☑  Affects Associated Third Party<br>       Administrators Only | |
| 21  ☐  Affects Allied Fund Administrators, LLC<br>       Only | |
| 22 | |
| 23 | |

24
25
26
27
28

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

                                    1

Operating Engineers Local 501 Security Fund ("Security Fund"), by and through their counsel do hereby seek an order of the court compelling the Chapter 7 Trustee to abandon to the Estate's claims against Chubb[1] ("Chubb" and/or "Insurer") for breach of contract and failure to defend based upon Chubb's denial of coverage for the claims submitted by the Security Fund, claim numbers 394374 and 391409 made under Policy Number 8246-1111 issued to the Debtor Associated Third Party Administrators ("Policy").

This motion is brought pursuant to 11 U.S.C. §554; Fed. R. Bank. P 6007, and LBR 6007-1, which provides that "[a]n order compelling the case trustee or debtor in possession to abandon property of the estate may be obtained upon motion of a party in interest after notice of opportunity to request a hearing pursuant to LBR 9013-1(o). Such notice is being served concurrently with the filing of this motion.

The basis of the motion is that Security Fund obtained relief from stay to pursue the proceeds of the Policy to pay the liability owed to Security Fund by Associated Third Party Administrators ("ATPA") based upon ATPA's breaches of contract and negligence. Suit was filed against ATPA in the Superior Court for the State of California, County of Los Angeles ("Non-bankruptcy Action"). Default against ATPA was entered in the Non-bankruptcy action. However, Chubb denied coverage of the claims for the liability of ATPA. Because the Estate, not the Security Fund owns the claims against Chubb relating to denial of Security Fund's claims against the Policy, Security Fund is seeking abandonment of the Estate's claims which would be burdensome for the Trustee to pursue and are of inconsequential value to the Estate, given that the proceeds of the policy, if such claims are successful, would be paid to Security Fund, who waived any deficiency claim against the Estate. Thus, the Court should compel the Trustee to abandon the claims against Chubb to the Security Fund under 554(b) of the Bankruptcy Code.

## I.    RELEVANT FACTS

Security Fund is a multi-employer employee benefit plan created for the purpose of administering the Health and Welfare Plan, which provides Health and Welfare benefits to IUOE Stationary Engineers Local 501 members. ATPA entered a contract with Security Fund under

---

[1] The Policy was written by Federal Insurance Company.

EINBERG, ROGER &
ROSENFELD
A Professional Corporation
1 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Operating Engineers Local 501 Security Fund's Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

1  which it acted as its Third Party Administrator.  ATPA negligently handled two matters which it

2  was engaged to administer under the contract.  Consequently, Security Fund filed two claims

3  (Numbers 394374 and 391409) against ATPA's Errors and Omissions Policy.  The total amount

4  owed to the Security Fund for such insurance claims is approximately $1,161,145.24.

5      Chubb issued a Chubb Professional Portfolio Policy which includes a Miscellaneous

6  Professional and Technology Services Liability Coverage Part bearing policy number 8246-1111,

7  to ATPA for the policy period starting November 11, 2015, through January 31, 2017.[2]  The

8  Policy has a maximum limit of liability for each Claim or Related Claims of $10,000,000, subject

9  to the aggregates, terms, conditions and exclusions contained therein, including a $100,000

10  Retention.

11      Security Fund notified ATPA of the losses that it suffered as a result of the negligent acts

12  of its agents on October 24, 2016, and demanded reimbursement from ATPA for the monetary

13  losses that it suffered as a result of ATPA's negligent acts.  However, at the time the demand was

14  made, the Security Fund was unaware that ATPA had already filed a petition for relief under

15  Chapter 11 of the Bankruptcy Code.  Thereafter, on January 31, 2017, Security Fund notified

16  Chubb of the claims under the Policy.  The Security Fund filed a Motion for Relief from

17  Automatic Stay to pursue an action in a non-bankruptcy forum in order to recover against the

18  Debtor's insurance policy for the negligent acts of ATPA on which the claims are based.  (ECF

19  No. 436).  The Court granted Security Fund Relief from Automatic Stay on June 14, 2017.  (ECF

20  No. 459).  The Court's Order Granting Relief from Stay provides that relief from automatic stay

21  to Security Fund is limited to collecting upon available insurance in accordance with non-

22  bankruptcy law.  The Order further expressly states that Movant, *i.e.*, the Security Fund, expressly

23  waives any deficiency claim against the Debtor or the Debtor's estate.

24      After receiving relief from the automatic stay, Security Fund learned Chubb informed the

25  Chapter 7 Trustee that it denies that coverage exists for both of the claims based upon

26  Section III(G) of the Policy, which provides,

27

28  [2] See Declaration of Tracy L. Mainguy ¶8, Ex. 1.

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
.001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

1   The Company shall not be liable for Loss on account of any Claim
2   for any liability of an Insured under any oral or written contract or
    agreement, provided that this Exclusion (G) shall not apply to Loss
3   to the extent that an Insured would have been liable in the absence
    of such contract or agreement;

4   Security Fund requested that the Chapter 7 Trustee assign its claims against Chubb for

5   breach of contract and wrongful failure to defend the Security Fund.  (Mainguy Decl. Ex. 2.)

6   However, Security Fund never received a response to its request from the Chapter 7 Trustee.

7   On October 5, 2017, Security Fund filed a Complaint in the Superior Court for

8   Los Angeles County against Associated Third Party Administrators for breach of contract and

9   negligence in relation to the acts of Associated Third Party Administrators for which the claims

10  against the Policy were made.  *Operating Engineers Local 501 v. Benefit Program*

11  *Administration, et al.,* Los Angeles Co. Superior Court No. KC069684.  (Mainguy Decl., Ex. 3.)

12  Associated Third Party Administrators did not respond to the Complaint.  Default was entered

13  against Associated Third Party Administrators on January 19, 2018.  (Mainguy Decl., Ex. 4.)

14  ## II.    LEGAL ARGUMENT

15  ### A.    THE CLAIMS FOR BREACH OF CONTRACT AND WRONGFUL FAILURE TO DEFEND ARE CLAIMS OF THE BANKRUPTCY ESTATE

16  Section 541 defines property of the bankruptcy estate to include "all legal or equitable

17  interests of the debtor in property as of the commencement of the case." § 541(a)(1).  *In re Folks,*

18  211 B.R. 378, 384 (9th Cir. BAP 1997).

19  Therefore, assets of the estate properly include any of the debtors' causes of actions.

20  *Cusano v. Klein,* 264 F.3d 936, 945 (9th Cir.2001).[3]  Unscheduled claims pass to the trustee and

21

22

23  ---

[3] See also *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n. 9, 103 S.Ct. 2309, 2313 n. 9,
24  76 L.Ed.2d 515 n. 9 (1983) (Citing to comments made in the House and Senate Reports on the Bankruptcy Code, "[t]he scope of this paragraph [§ 541(a)(1) ] is broad. It includes all kinds of
25  property, including tangible or intangible property, causes of action (see Bankruptcy Act § 70a(6)), and all other forms of property currently specified in section 70a of the Bankruptcy
26  Act.  H.R.Rep. No. 95–595, p. 367 (1977); S.Rep. No. 95–989, p. 82 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5868, 6323."); *In re Moore,* 110 B.R. 924, 925–926
27  (Bankr.C.D.Cal.1990) (lender liability action by debtor against bank is estate property); *Gandy v. Peoples Bank and Trust Co.,* 224 B.R. 340, 345 (S.D.Miss.1998)(debtor's lawsuit, instituted after
28  discharge, based on allegedly unlawful insurance premiums and interest in connection with a pre-bankruptcy loan, was estate property).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation

4

1   are not automatically abandoned.[4]  Abandonment cannot occur without notice to creditors and a

2   hearing.  *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709 (9th Cir.1986).

3       Here, the Security Fund obtained relief from the automatic stay to pursue its claims

4   against the Policy for breach of contract and negligent handling of claims by ATPA as

5   administrator of the Security Fund.  The Security Fund filed suit against ATPA in state court to

6   pursue the claims for which it seeks recovery under ATPA's Policy.  However, Chubb denied the

7   claims under the Policy on the grounds the claims were not covered by the Policy.  More

8   specifically, Chubb stated that claims based upon contracts are not covered.  Chubb has not

9   defended ATPA in the Non-Bankruptcy Action.  Rather, a default was recently entered against

10   ATPA in the Non-bankruptcy Action.  Thus, in order for the Security Fund to pursue its claims

11   against the proceeds of Debtor's insurance policy, the Security Fund must additionally pursue a

12   claim against Chubb for breach of contract and/or wrongful failure to defend under the Policy.

13       However, the Security Fund does not own such claims.  The claims are property of the

14   Estate, notwithstanding that they have not been scheduled by the Trustee.  Therefore, the Security

15   Fund by way of this motion seeks an order abandoning the claim for breach of contract and

16   wrongful failure to defend so that the Security Fund can attempt recovery under the insurance

17   policy based upon the claims against the Debtor stated in the Non-bankruptcy Action.

**B.**     **THE CLAIMS ARE OF INCONSEQUENTIAL VALUE TO THE ESTATE; THEREFORE, THE COURT SHOULD COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON THEM TO SECURITY FUND**

20       Bankruptcy Code § 554(b) entitled "Abandonment of property of the estate" provides:

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

[4] *See, e.g., Welsh v. Quabbin Timber, Inc.*, 199 B.R. 224, 229 (D.Mass.1996), even though the estate is closed or the plan is confirmed. *Dixon v. First Family Financial Services*, 276 B.R. 173, 181 (S.D.Miss.2002), abrogated on other grounds, *Reed v. Mississippi Farm Bureau Mut. Ins. Co.*, 299 B.R. 804 (S.D.Miss.2003)("It is axiomatic that, without disclosure of property, it can be neither abandoned nor administered."); see also, *Tilley v. Anixter Inc.*, 332 B.R. 501, 508 (D.Conn.2005)(closure of an estate does not result in abandonment of unscheduled claim); *An–Tze Cheng v. K&S Diversified Investments, Inc.*, 308 B.R. 448, 459–60 (9th Cir. BAP 2004) (trustee may reopen case to administer omitted asset); 11 U.S.C. § 554.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

1          Courts have recognized that in order for the third party claimant to pursue the Debtor's

2    claims for breach of contract or wrongful failure to defend, the creditor must either be assigned

3    the claims (with notice and a hearing noticed to creditors approved by the bankruptcy court) or

4    the claims must be abandoned by the Trustee. *Crum v. Tomlinson (In re Hattic),* 413 B.R. 733,

5    753 (D. Montana 2009).

6          Here, the Security Fund sought an assignment of the claims by the Trustee. The Trustee

7    failed to respond to the requests for an assignment. (Mainguy Decl., ¶9.) The Motion for Relief

8    from Stay expressly states that the relief under the automatic stay is limited to any available

9    insurance in accordance with applicable non-bankruptcy law, and additionally, that movant

10   expressly waives any deficiency claim or other claim against the Debtor or Debtor's Estate.

11         The claims against the Insurer are of inconsequential value to the Estate, since they relate

12   to payment of the third party claims covered by insurance for which Debtor will not be liable.

13   The Security Fund is pursuing these claims at its own expense. Since the Security Fund waived

14   its deficiency claim against the Debtor and Debtor's Estate, litigating the claims against Chubb to

15   secure coverage under the Policy for Security Fund's claims against the Policy would be

16   burdensome. Furthermore, the claims will not result in a recovery for creditors, but would benefit

17   only Security Fund. The Trustee may expect coverage under the Policy, but does not have a right

18   to the proceeds of the Policy. *Id.* at 754. Moreover, if Security Fund is successful in getting its

19   claims under the Policy paid by pursuing the abandoned claims for breach of contract and

20   wrongful failure to defend against Chubb, it will benefit the other creditors by eliminating a large

21   claim filed by Security Fund in the bankruptcy estate. As such, the claims are of inconsequential

22   value to the Estate. *In re Christian*, 2012 Banker. LEXIS 4769 *9-11, 2012 WL 4830473 (Bankr.

23   D. Idaho 2012).

24         Accordingly, the Court should grant the Security Fund's motion and order that the

25   Estate's claims against Chubb for breach of contract and wrongful failure to defend are

26   abandoned to the Security Fund so that the Security Fund can pursue the insurance proceeds to

27   collect any default judgment that may be entered in the Non-Bankruptcy Action.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

Case 2:16-bk-23679-SK    Doc 529    Filed 03/06/18    Entered 03/06/18 13:04:23    Desc
Main Document    Page 7 of 10

1

### III.  <u>CONCLUSION</u>

2        For the above stated reasons, the Estate's claims against Chubb for breach of contract and

3 failure to defend are abandoned to the Security Fund.

4 Dated:  March 5, 2018                           WEINBERG, ROGER & ROSENFELD
                                                 A Professional Corporation
5

6                                                /s/  Tracy L. Mainguy
                                  By:            Tracy L. Mainguy
7                                                Attorneys for Creditor
                                                 Operating Engineers Local 501 Security Fund
8  142670\957909

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
303 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Operating Engineers Local 501 Security Funds' Motion To Compel Abandonment Of Claims Against Insurer
Case No. 2:16-BK-23679-SK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**Weinberg, Roger & Rosenfeld, 1001 Marina Village Parkway, Suite 200, Alameda, CA  94501**

A true and correct copy of the foregoing document entitled (*specify*): **OPERATING ENGINEERS LOCAL 501 SECURITY FUNDS' MOTION TO COMPEL ABANDONMENT OF CLAIMS AGAINST INSURER and supporting DECLARATION OF TRACY L. MAINGUY and EXHIBITS 1-4** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 6, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **March 6, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 6, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge    VIA OVERNIGHT MAIL

Honorable Sandra R. Klien
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1582
Los Angeles , CA  90012

For Chubb Insurance    VIA EMAIL

Frank White    frankwhite@chubb.com

Counsel for Benefit Programs Administration VIA EMAIL
Robert M. Anderson:  robertanderson@wilsonelser.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 6, 2018 | J. L. ARANDA | /s/ J. L. Aranda |
|---|---|---|
| Date | Printed Name | Signature |

142670\957957

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

-8-

June 2012                                                      F 9013-3.1.PROOF.SERVICE

The following is a list of **parties** who are being served by U. S. Mail:

| | |
|---|---|
| Robert B Miller<br>Kilmer, Voorhees & Laurick PC<br>732 NW 19th Ave<br>Portland, OR 97209 | Brutzkus Gubner Rozansky Seror Weber LLP<br>21650 Oxnard Street, Ste 500<br>Woodland Hills, CA 91367 |
| Bart Kessel<br>515 S Flower St<br>Forty-Second Fl<br>Los Angeles, CA 90071 | American Express Travel Related Services<br>Company, Inc.<br>c/o Becket & Lee LLP<br>P. O. Box 3001<br>Malvern  PA  19355-0701 |
| D. Alexander Floum<br>The Williams Firm<br>1850 Mt. Diablo Boulevard, #340<br>Walnut Creek, CA  94596 | Shawn C. Groff<br>1330 Broadway, Suite 1450<br>Oakland, CA  94612 |
| IBM Corporation<br>Attn:  Marie-Josee Dube<br>275 Viger East<br>Montreal, Quebec  H2X 3R7 Canada | Russell J Reid<br>Reid McCarthy Ballew & Leahy LLP<br>100 West Harrison Street<br>N Tower, Suite 300<br>Seattle, WA  98119 |
| Operating Engineers Local 501 Security Fund<br>c/o Cornwell & Baldwin<br>1017 East Grand Avenue<br>Escondido  CA  92025 | |

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Todd M Arnold tma@lnbyb.com
- Catherine Arostegui carostegui@beesontayer.com, akenney@beesontayer.com
- Jessica L Bagdanov jbagdanov@bg.law, ecf@bg.law
- Ron Bender rb@lnbyb.com
- Stuart E Bernsen bernsen.stuart@pbgc.gov, efile@pbgc.gov
- Karl E Block kblock@loeb.com, jvazquez@loeb.com;ladocket@loeb.com
- Jerrold L Bregman ecf@bg.law, jbregman@bg.law
- Lynn Brown notices@becket-lee.com
- Martin G Bunin , melanie.mizrahie@alston.com
- Martin G Bunin mbunin@farrellfritz.com, melanie.mizrahie@alston.com
- Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
- Jennifer Witherell Crastz jcrastz@hemar-rousso.com
- Ronald Dean rdean@74erisa.com, rdean@igc.org
- Richard K Diamond (TR) RKDTrustee@dgdk.com, rdiamond@ecf.epiqsystems.com;        DanningGill@Gmail.com
- Jonathan R Doolittle jdoolittle@reedsmith.com, renee-pelusi-2054@ecf.pacerpro.com;    rpelusi@reedsmith.com;
  ashively@reedsmith.com; dkelley@reedsmith.com; bobmiller@kilmerlaw.com; cbroock@kilmerlaw.com;
- Jamie P Dreher jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Richard W Esterkin richard.esterkin@morganlewis.com, gloria.moonesinghe@morganlewis.com
- Edward M Fox emfox@seyfarth.com
- Luis A Garcia garcia.luis.a@dol.gov
- Bernard R Given bgiven@loeb.com, mortiz@loeb.com;ladocket@loeb.com
- Michael I Gottfried mgottfried@lgbfirm.com, srichmond@lgbfirm.com; emeza@lgbfirm.com;        njanbay@lgbfirm.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- Mickee Hennessy mhennessy@westernmanllp.com
- Jacqueline L James jlj@lnbyb.com
- Gary M Kaplan gkaplan@fbm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

-9-

June 2012                                                                      F 9013-3.1.PROOF.SERVICE

- Eve H Karasik ehk@lnbyb.com
- Howard Kollitz HKollitz@DGDK.Com, DanningGill@gmail.com;hkollitz@ecf.inforuptcy.com
- Jason B Komorsky ecf@bg.law, jkomorsky@bg.law
- Jeffrey S Kwong jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Dare Law dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov
- Allison R Lemeshewsky allison@MwcandAssociates.com, luisa@MwcandAssociates.com; jason@MwcandAssociates.com; mwccoast@aol.com
- Leib M Lerner leib.lerner@alston.com, autodockettest-lax@alston.com
- Elan S Levey elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- Tracy L Mainguy bankruptcycourtnotices@unioncounsel.net, tmainguy@unioncounsel.net
- Thor D McLaughlin tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- Alan I Nahmias anahmias@mbnlawyers.com, jdale@mbnlawyers.com
- Melissa T Ngo ngo.melissa@pbgc.gov, efile@pbgc.gov
- Elaine Nguyen elaine@wsrlaw.net, vinnet@ecf.inforuptcy.com;elayna@wsrlaw.net
- Walter K Oetzell woetzell@dgdk.com, DanningGill@gmail.com;woetzell@ecf.inforuptcy.com
- Renee M Parker renee.parker@mtglawfirm.com, bknotice@earthlink.net
- George R Pitts gpitts@sandsanderson.com, tkearns@sandsanderson.com
- Kelly L Pope kpope@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com
- Kurt Ramlo kr@lnbyb.com, kr@ecf.inforuptcy.com
- Russell H Rapoport rrapoport@mbnlawyers.com, aacosta@mbnlawyers.com
- Emily P Rich erich@unioncounsel.net, bankruptcycourtnotices@unioncounsel.net;cak@blake-uhlig.com
- Lovee D Sarenas lovee.sarenas@lewisbrisbois.com
- Kenneth D Schnur kenneth.schnur@kts-law.com, anastasia.mogilevsky@kts-law.com
- Susan K Seflin sseflin@brutzkusgubner.com
- James R Selth jim@wsrlaw.net, jselth@yahoo.com;melissa@wsrlaw.net;vinnet@ecf.inforuptcy.com
- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Sonia Singh ss@dgdk.com, DanningGill@gmail.com,SSingh@ECF.Inforuptcy.com
- Lindsey L Smith lls@lnbyb.com, lls@ecf.inforuptcy.com
- Michele R Stafford mstafford@sjlawcorp.com, collections@sjlawcorp.com
- Nicholas Starkman nstarkman@wkclegal.com, syoung@wkclegal.com
- Nicola G Suglia nsuglia@fleischerlaw.com
- David A Tilem davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;    malissamurguia@tilemlaw.com; joanfidelson@tilemlaw.com; JoanFidelson@ecf.inforuptcy.com;    MalissaMurguia@ecf.inforuptcy.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Aaron E de Leest aed@dgdk.com, DanningGill@gmail.com;adeleest@ecf.inforuptcy.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE