ERIN N. BRADY (Ca. Bar No. 215038)
JONATHAN R. STULBERG (Ca. Bar No. 324455)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, California  90067
Telephone:  (310) 785-4600
Facsimile:  (310) 785-4601
erin.brady@hoganlovells.com
jonathan.stulberg@hoganlovells.com

Attorneys for Federal Insurance Company

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ASSOCIATED THIRD PARTY ADMINISTRATORS,<br><br>　　　　Debtor. | Case No. 2:16-bk-23679-SK<br><br>Chapter 7<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FEDERAL INSURANCE COMPANY FOR ORDER REGARDING SETTLEMENT OF ABANDONED CLAIM OF DEBTOR**<br><br>Date:  November 13, 2019<br>Time:  8:30 a.m.<br>Place:  Courtroom 1575<br>255 E. Temple Street, Los Angeles, CA 90012<br>Hon. Sandra R. Klein |

　　　　Federal Insurance Company ("Federal") enters a limited appearance solely for the purpose of moving the Court pursuant to 11 U.S.C. § 362(d) for an order that the automatic stay does not apply to Federal's payment of a settlement under a liability insurance policy issued to Debtor Associated Third Party Administrators (the "Debtor").  The settlement would resolve claims against the Debtor in the action styled <u>Operating Engineers Local 501 Security Fund v. Benefit Program Administration, et al.</u>, Case No. KC069684, pending in the Los Angeles County

Superior Court (the "Security Fund Litigation"). The Court previously entered orders lifting the stay to permit the filing of the Security Fund Litigation against Debtor, and ruling that the Debtor had abandoned any interest in its claim under the policy as to the Security Fund Litigation. In these circumstances, it appears the stay would not apply to the proposed settlement payment under the policy. In the alternative, Federal seeks an order lifting the stay, to the extent applicable, to permit such payment.

## I.  JURISDICTION

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## II.  BACKGROUND

2. Federal issued Professional Portfolio Policy No. 8246-1111 to Associated Third Party Administrators for the Policy Period of November 11, 2015 to January 31, 2017 (the "Policy"), attached hereto as Exhibit "A." Subject to the Policy's terms, conditions, limitations and exclusions, its Miscellaneous Professional and Technology Services Liability Coverage Part (the "Coverage Part") applies to "**Loss** on account of a **Claim** first made against the **Insured** during the **Policy Period …** for a **Wrongful Act**."[1] Ex. A, Coverage Part § I. "**Loss** means a sum which an **Insured** becomes legally obligated to pay as a result of any **Claim**, including … settlements." Id. § II. The Policy provides that Federal has the right to "make any investigation it deems necessary and may, with the consent of the **Insureds**, make any settlement of any **Claim** it deems appropriate." Id. § VI(B). The Policy has a maximum aggregate limit of liability of $10 million for all **Claims**. Id., Declarations Page.

3. On or about October 17, 2016, this case was commenced by the filing of a voluntary chapter 11 petition. On December 9, 2016, this Court granted a motion converting the chapter 11 case to a case under chapter 7 of the United States Bankruptcy Code effective as of January 19, 2017. Richard K. Diamond was appointed chapter 7 trustee.

---

[1] Terms in **bold** are defined in the Policy.

2

4. Security Fund, an ERISA health care plan, filed a motion with this Court seeking relief from the automatic stay, which this Court granted on June 14, 2017 (the "June 2017 Relief Stay Order"). ECF No. 459. The June 2017 Relief Stay Order, terminated the stay to permit Security Fund to bring suit against the Debtor relating to Debtor's administration of Security Fund's health care plan, with any recovery limited to "collecting upon any available insurance in accordance with applicable nonbankruptcy law." Id. at 2.

5. The Security Fund Litigation was filed on or about October 5, 2017, in the Los Angeles County Superior Court against the Debtor and Benefit Program Administration ("BPA"), an unaffiliated entity which preceded Debtor as the Security Fund's third party administrator. The complaint in the Security Fund Litigation asserted claims against Debtor and BPA for breach of contract and negligence in administering the Security Fund's health care plan.

6. On or about January 19, 2018, the Superior Court entered default against the Debtor in the Security Fund Litigation.

7. Security Fund then filed a motion with this Court to compel abandonment to the Security Fund of any claims that the Debtor had against Federal relating to the Security Fund Litigation. ECF Nos. 528, 529. By order entered April 17, 2018 (the "April 2018 Abandonment Order"), this Court granted the motion, directing the Chapter 7 Trustee to abandon the Estate's claims under the Policy as to coverage for the Security Fund claims. ECF No. 540 at 2.

8. Security Fund and BPA have agreed to a conditional settlement under which Security Fund would release all claims against the Debtor, BPA and others in exchange for payment of $650,000 (the "Settlement"), attached hereto as Exhibit "B". The released claims under the Settlement include Security Fund's Proof of Claim in this bankruptcy case. Ex. B § 1. Federal is prepared to fund the Settlement, subject to entry of an appropriate order by this Court regarding the automatic stay. Upon entry of such order, half the total settlement, or $325,000,

3

would be paid from the Policy; the other half would be paid by Federal under a separate policy issued to BPA.[2]

## III. RELIEF REQUESTED

9. Federal seeks an order of this Court, pursuant to 11 U.S.C. §§ 105(a) and 541, that the automatic stay does not apply to Federal's making of a payment under the Policy to fund the Settlement as to claims against Debtor. In the alternative, Federal seeks an order pursuant to 11 U.S.C. §§ 105 and 362, lifting or modifying the automatic stay, to the extent applicable, to permit Federal's payment of $325,000 under the Policy to fund the Settlement.

## IV. GROUNDS FOR RELIEF

10. Section 362(a) of the Bankruptcy Code provides that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Section 541(a)(1) of the Bankruptcy Code provides that a debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, in this case the stay already has been terminated as to Security Fund's claims against Debtor, to the extent of available insurance, and the Estate has abandoned any interest in recovery under the Policy with respect to the Security Fund's claims. As a result, the stay does not apply to Federal's payment of a settlement under the Policy as to those claims.

11. In the alternative, relief from stay is warranted under 11 U.S.C. § 362(d). Cause exists for lifting the stay because the Estate has only a nominal interest, if any, in payment of a portion of the Policy proceeds to fund the Settlement, and payment of those proceeds is necessary to resolve the Security Fund litigation previously authorized by this Court.

---

[2] Section 2 of the Settlement makes it conditional on this Court's "authorizing or approving the settlement." Federal does not seek approval of the Settlement under Bankruptcy Rule 9019 or otherwise because, among other things, the Debtor is not a party to the settlement. Rather, as discussed below, Federal seeks the Court's authorization to fund the settlement under 11 U.S.C. § 362 and 11 U.S.C. § 105.

4

### A. The automatic stay does not apply because Debtor has no interest in or right to recovery of the Policy proceeds used to fund the Settlement.

12. Courts generally hold that an insurance policy issued to the debtor is the property of the estate. See In re Endoscopy Ctr. Of S. Nevada LLC, 451 B.R. 527, 542 (Bankr. D. Nev. 2011); In re Edgeworth, 993 F.2d 51, 55 (5th Cir. 1993); In re St. Clare's Hosp. and Health Ctr., 934 F.2d 15, 18 (2d Cir. 1991); In re Mego Int'l, Inc., 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983). However, a bankruptcy estate's ownership of an insurance policy is not determinative of the ownership of proceeds of that policy. See, e.g., In re Endoscopy Ctr., 451 B.R. at 542-43; McAteer, 985 F.2d at 117; In re Imperial Corp. of America, 144 B.R. 115, 118 (Bankr. S.D. Cal. 1992); In re Daisy Sys. Securities Litig., 132 B.R. 752, 755 (N.D. Cal. 1991).

13. Whether an estate has any interest in the proceeds of the policy depends on the nature and type of insurance policy involved, and its relationship to the property of the bankruptcy estate. See In re Endoscopy Ctr., 451 B.R. at 543; In re Feher, 202 B.R. 966, 970 (Bankr. S.D. Ill. 1996). A key question is "whether the debtor would have a right to receive and keep those proceeds when the insurer paid on the claim." In re Edgeworth, 993 F.2d at 55. Other factors include whether the debtor can ask the insurer to distribute proceeds to debtors, whether the debtor can determine on their own how the insurance proceeds will be distributed, whether the debtor can seize the proceeds to satisfy a claim outside the scope of the policy's coverage, and whether insurance proceeds can only be distributed to the creditors who have claims under the insurance policy. In re Endoscopy Ctr., 451 B.R. at 546.

14. The Court's April 2018 Abandonment Order directed the Trustee to abandon the Estate's interest in the Policy with respect to the Security Fund claims. ECF No. 540 at 2. An order of abandonment under 11 U.S.C. § 554(b) requires that the property "is burdensome to the estate or … is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b); see Viet Vu v. Kendall (In re Viet Vu), 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000). When a trustee abandons an estate asset pursuant to Section 554(b), the bankruptcy estate relinquishes all rights and interests in that asset. See Provident Funding Assocs, L.P. v. Faloye (In re Faloye), 459 B.R. 865, 867 (11th Cir. 2011). In obtaining the April 2018 Abandonment Order, the

Security Fund successfully argued that any claims against the insurer related to the Security Fund Litigation were burdensome for the Trustee to pursue and of inconsequential value to the Estate "*given that the proceeds of the policy, if such claims are successful, would be paid to Security Fund*, who waived any deficiency claim against the Estate." ECF No. 529, Mtn. to Compel Abandonment at 2 (emphasis added).

15. Indeed, there is no scenario under which Policy proceeds used to fund the Settlement would be paid to otherwise directly benefit the Estate. The "nature and extent of a debtor's interest in property is determined by state law, with the estate having no greater rights in property than those held by the debtor prior to bankruptcy." In re Coupon Clearing Serv., Inc., 113 F.3d 1091, 1099 (9th Cir. 1997). The Policy provides that Federal will pay **Loss**, including settlements, "on behalf of an **Insured**." Ex. A, Coverage Section § I. It does not obligate to pay **Loss** *to* an **Insured** where, as here, the **Insured** has itself made no payment. Moreover, the Policy permits Federal to "make any settlement of any **Claim** it deems appropriate." *Id.* § VI(B). The Policy provides for consent by the **Insured**, but **Insured**'s ability to consent to a third party settlement obviously does not enable the **Insured** to obtain the settlement payment itself. In an event, the June 2017 Relief Stay Order and the April 2018 Abandonment Order have eliminated any basis for the Debtor to object to payment of Policy proceeds with respect to resolution of the Security Fund claims.

16. Thus, the April 2018 Abandonment Order and the terms of the Policy establish that the Debtor has no interest in Policy proceeds used to fund the Settlement. Those proceeds therefore are not part of the Estate, and the automatic stay does not apply.

**B. To the extent it applies, the automatic stay should be lifted.**

17. To the extent the automatic stay applies or potentially applies, the stay should be modified or lifted to permit payment of the Policy proceeds necessary to pay the Security Fund settlement. Section 362(d) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section . . . for cause." 11 U.S.C. § 362(d). Further, the Bankruptcy Court has general equitable powers, as codified in section 105(a) of the Bankruptcy Code, to

6

"issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]" 11 U.S.C. § 105(a).

18. As a threshold matter, the June 2017 Relief Stay Order terminated the stay with respect to the Security Fund claims and specifically permitted the Securities Fund to "collect[ ] upon any available insurance" with respect to those claims. ECF No. 459 at 2. The Policy represents "available insurance" under the June 2017 Relief Stay Order.

19. Moreover, "cause" exists for relief from the stay here. Courts have recognized that the need to pay loss for pending litigation affords "good cause" for lifting the stay, even where the policy proceeds may be treated as property of the estate. See, e.g., In re CyberMedica, Inc., 280 B.R. 12, 18 (Bankr. D. Mass 2002); In re Allied Digital Techs. Corp., 306 B.R. 505, 514 (Bankr. D. Del. 2004); see also In re RC Liquidating Co., 2007 WL 329183, at *2 (Bankr. M.D.N.C. Jan. 31, 2007). Here, as discussed above, payment of a portion of the Policy proceeds is necessary to resolve the Security Fund litigation as to the Debtor.

20. Further, this is precisely the result contemplated by the Court's prior orders. The June 2017 Relief Stay Order permitted the fund to bring the Security Fund Litigation against the Debtor, on the understanding that any recovery would be from available insurance. And the April 2018 Abandonment Order specifically directed the Trustee to abandon the Estate's interest under the Policy with respect to the Security Fund claims.

21. In sum, relief from stay, to the extent applicable, is necessary and appropriate to effectuate the Court's prior orders with respect to both the Security Fund claims and the Policy.

## V.    NOTICE

22. Notice of this Motion has been provided to (i) Richard K. Diamond, the Trustee, (ii) the Insured Defendants and/or their counsel and (iii) those other parties entitled to notice pursuant to Federal Rule of Bankruptcy Procedure 4001 and Local Bankruptcy Rule 9013-1. Federal submits that no other or further notice of this Motion need be provided.

## VI.    PRIOR REQUEST GRANTED BY COURT

23.    As noted above, Security Fund previously filed with this Court (i) the Motion for Relief from Stay, which the Court granted on June 14, 2017 and (ii) the Motion to Compel Abandonment, which the Court granted on April 17, 2018.

WHEREFORE, Federal respectfully requests that the Court enter an order granting the relief requested herein, and such other and further relief as may be just.

Dated:  October 22, 2019

Respectfully submitted,

HOGAN LOVELLS US LLP

  /s/ *Erin N. Brady*
Erin N. Brady (Ca. Bar No. 215038)
Jonathan R. Stulberg (Ca. Bar No. 324455)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 785-4600 (Telephone)
(310) 785-4601 (Facsimile)

Counsel for Federal Insurance Company